## UNITED STATES v. WHITE.

### *(District Court, W. D. Michigan, S. D. March 26, 1890.)*

1. INTERNAL REVENUE—SALE OF LIQUORS BY DRUGGIST—SPECIAL TAX.

    A druggist is liable criminally for unauthorized sales of liquor by his clerk, if the sales made by the clerk were made within the scope of the authority delegated to him by the druggist, or the authority which may fairly be presumed from the instructions of the druggist, or the course of dealing by him, with reference to such matters.

2. SAME—COMPOUNDING MEDICINES.

    In determining whether sales by druggists come within that provision of the statute which allows the use of intoxicants in the compounding of medicines, he is to be bound, and his conduct is to be tested, by his good faith.

3. SAME—MECHANICAL PURPOSES.

    A druggist has the right to use alcohol in the making of a toilet preparation such as cologne, and he can sell it as cologne for toilet purposes; but to put into alcohol something else, for the mere purpose of modifying its character, as by placing a little bergamot, or some of the ingredients of cologne, into alcohol, and selling it for mechanical purposes, is a make-shift which the law will not tolerate.

4. SAME—ILLEGAL SALES—INTENT.

    The intent, as involved in these cases, is not a general question of good conduct and uprightness in the transaction of a man's business, but whether the defendant intended to make the sale or sales under circumstances which are prohibited by law.

*(Syllabus by the Court.)*

Indictment for Retailing Liquors without Paying the Special Tax.

Defendant was a druggist at Eaton Rapids. The indictment charged sales of liquor at various times from April 1, 1887, to January, 1890. The evidence on the part of the government tended to show that, for a period of about two years, defendant had been selling to a dentist, at frequent intervals, alcohol for burning in a lamp, used by the dentist in his business. The defense introduced testimony tending to show that the article sold to the dentist was cologne, or rather alcohol into which bergamot, or some of the ingredients of cologne, had been placed. There was also testimony on the part of the government tending to show sales of liquor mixed with small quantities of glycerine, oil of cloves, and quinine.

*L. G. Palmer*, U. S. Atty., and *F. W. Stevens*, Asst. U. S. Atty.

*H. S. Maynard* and *F. A. Dean*, for defendant.

Severens, J., (*charging jury.*)  I instruct you, as to the liability of the defendant for the sales made by his employes, that, if the sales made by his employes were made within the scope of the authority delegated by him to them, he would be responsible for such sales; but, if they made sales without his knowledge and consent, and which were outside of and beyond the limits in which he permitted them to act, in the transaction of his business, he would not be liable for the sales made by such employes.  In other words, a party is not criminally responsible for the unauthorized acts of an agent.  He is liable for the act of an agent where it is done within the scope of his employment, and within the scope of his authority.  I mean the authority which may fairly be presumed from the instructions of the principal, or the course of dealing by him, with reference to such matters.

Coming to the classes of sales shown by the government, I instruct you that, if those sales of whisky were made by the defendant for the *bona fide* purpose of making a sale of it, compounded with other materials, as a medicine, for a legitimate purpose, he is not liable for making such sales.  The law permits druggists to use whisky in compounding medicines.  In the exercise of that right and privilege, he is to be bound; and his conduct is to be tested by his good faith.  If he combines whisky in good faith, with some other materials, for medicinal purposes, he is not responsible as a retail liquor dealer.  If, on the other hand, he uses some other admixture or element to put with the whisky, to make it go for something else, without having regard to the medicinal character or its medicinal purpose, then he is liable as a retail liquor dealer, because the law would not permit a make-shift and sham to stand in the way.  You must look to the substance of the thing itself, and its real essence and character.

Coming to the other class of sales, I will adopt the rule that the defendant had the right to use alcohol in compounding it for the purpose of making a toilet preparation.  He had the right to combine alcohol with other materials for the purpose of making cologne, and he could sell it as cologne for toilet purposes.  Here again, you will bear in mind that the same principle of good faith is to be applied that I have stated to you is applicable to the other side of the case.  The law would not permit or tolerate for an instant any such idea as that a man, knowing that he could not sell alcohol pure and simple, should put into it something else, knowing it was to be used for mechanical purposes, with the intent of modifying its character to that extent that it would not be pure alcohol, and so sell it that way.  That, also, would be a make-shift which the law would not justify.  But if, confining the rule to the present case, this defendant compounded alcohol with other materials for the purpose of making cologne, which, as a toilet article, he sold for the purposes of such, he would not be liable.  But if he mixed any other ingredients with alcohol in order to get around and avoid the provisions of the internal revenue law, and so fixed up something that could not be called "pure alcohol," and sold it as a compound, for the purpose of evading the law, then he would be liable.

Coming to the question of the good faith of the defendant, and his intention, did he intend to combine something with alcohol for the purpose of making cologne, and selling it as cologne, or did he intend to put some other article with the alcohol and sell it, not for the purpose of cologne, and to be used as cologne, but for mechanical purposes, with its character more or less changed. Something has been said with regard to the question of intention. Intention is not a general question of good conduct or any general question of uprightness in the transaction of a man's business. The question is whether the defendant intended to make the sale or sales which he is accused of making. Did he intend to make those sales under the circumstances which are prohibited by law? That is the intent we have to look after, and nothing else.

Verdict, guilty. Motion for new trial subsequently denied.