## LINDSAY *v.* BURGESS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TENNESSEE.

No. 191. Submitted January 25, 1895. — Decided January 28, 1895.

The assignment in this court of errors to portions of the charge in an action below raises no question for the consideration of this court, unless exceptions were duly taken to them.

EJECTMENT. The court below in its charge to the jury said: "This is an action of ejectment in which the plaintiff claims the legal title to and seeks to recover 5000 acres of land lying in Campbell County, Tennessee. She deraigned her title to the land as follows: On the 2d of August, 1836, said tract of land was entered by Joshua English, Samuel Burgess, and Joseph Peterson by entry No. 843. Subsequent thereto, in

1838, said English and Burgess removed from Tennessee to Missouri, where they continued to reside till their respective deaths. On August 26, 1845, a grant from the State of Tennessee, numbered 25,338, was issued to 'Joshua English and others' for said 5000-acre tract. This grant has been read in evidence. Joshua English died in 1850, leaving the plaintiff, then the wife of said Samuel Burgess, as his sole surviving child and heir-at-law. Plaintiff's husband died in July, 1874. The court instructs you that said grants from the State of Tennessee vested the legal title to the five thousand acres of land therein described in said Joshua English only, and that upon his death said title descended and vested in plaintiff as his sole heir-at-law. . . . The defendants seek to defeat her title. . . . They set up a tax deed from the sheriff of Campbell County, bearing date December 8, 1845, and registered in May, 1846, which it is claimed operates to divest the title out of plaintiff's father, Joshua English, and vest it in the purchasers under said sheriff's tax deed, through whom the defendants derive title; and, secondly, that under claim of right and color of title they have had seven years' adverse possession of the land in controversy before the present suit was commenced, which adverse possession, under the operation of the Tennessee statutes of limitation, vested them with the title to the land. No question is raised as to the location or identity of the land in controversy. It is conceded that the tract described in the grant and in plaintiff's declaration is the same tract that defendants claim under said tax deed and by virtue of their adverse possession.

"The court instructs you that the tax deed introduced and relied on by defendants is not sufficient to show or establish title to the land; that said tax deed is null and void upon its face and inoperative to divest plaintiff's title."

Verdict for defendant and judgment on the verdict, to which a writ of error was sued out. In this court the assignments of error were: (1) The court erred in charging the jury that the grant relied on by plaintiff below vested title to the land in her ancestor solely. (2) The court erred in charging the jury that the tax deed relied on by defendants

is void upon its face : but the record contained no exception to such instructions.

*Mr. W. A. Henderson* and *Mr. Leon Jourolomon* for plaintiffs in error.

*Mr. W. P. Washburn* and *Mr. Jerome Templeton* for defendant in error.

THE CHIEF JUSTICE: Errors are assigned to certain portions of the charge to the jury in this case, but no exceptions were preserved thereto, and no question otherwise raised for our consideration. The judgment is, therefore,

*Affirmed.*