## UNITED STATES v. MORFEW.

(District Court, E. D. Arkansas, W. D.   April 11, 1905.)

INTOXICATING LIQUORS—WRONGFUL SALE—INTERNAL REVENUE TAX.
    Rev. St. § 3244 [U. S. Comp. St. 1901, p. 2096], defines a retail liquor dealer as any person who sells distilled spirits or wines in less quantities than five gallons at the same time, and section 3248 [page 2107] defines distilled spirits as that substance known as "ethyl alcohol," etc., commonly produced by fermentation of grain, starch, molasses, or sugar,

including all dilutions and mixtures thereof. *Held*, that where a druggist, without paying the internal revenue tax imposed on retail liquor dealers, sold a medicinal preparation which was 88 per cent. proof spirits, more than sufficient to preserve the medicinal properties of any herbs, roots, or drugs contained therein, he was a retail liquor dealer within such sections.

W. G. Whipple, for the United States.

TRIEBER, District Judge (charging jury). The defendant is indicted for having engaged in the business of a retail liquor dealer without having paid the special tax required by law, in violation of section 3242, Rev. St. [U. S. Comp. St. 1901, p. 2094]. The facts are practically undisputed. From the evidence it appears that the defendant is the owner of a drug store at Stuttgart, Ark., a place where, under the laws of the state of Arkansas, no liquors are permitted to be sold; that he has been selling a preparation put up in bottles, called "Duffy's Malt Whiskey," the bottles having labels to that effect, and also labels claiming that it is a medicinal preparation. It was sold to all who desired to purchase it, but no one was permitted to drink it on the premises, the defendant selling it in good faith as a medicinal preparation, like other patent medicines. It is admitted that he paid no special tax as required by the laws of the United States of retail liquor dealers. Section 3244 of the Revised Statutes [U. S. Comp. St. 1901, p. 2096] defines a retail liquor dealer to be:

"Every person who sells, or offers for sale, foreign or domestic distilled spirits or wines in less quantities than five gallons at the same time shall be regarded as a retail dealer in liquors."

Section 3248, Rev. St. [U. S. Comp. St. 1901, p. 2107], defines distilled spirits as follows:

"Distilled spirits, spirits, alcohol, and alcoholic spirits, within the true intent and meaning of this act is that substance known as ethyl alcohol, hydrated oxide of ethyl, or spirit of wine, which is commonly produced by fermentation of grain, starch, molasses or sugar, including all dilutions and mixtures of this substance."

It has been testified to by the expert who was put on the stand by the government, and who analyzed a bottle of this whisky, that it is 88 per cent. proof spirits; that it is made from grain which had first been malted and fermented, and is of the substance known as ethyl alcohol; that it is not made of malt, nor is there any malt used in the preparation of it except for the purpose of giving it a malt flavor; that some caramel is used for the purpose of coloring it and giving it the appearance of aged whisky; that there are some few drugs in it, but in such small quantities that the analysis failed to show them; that the quantity of whisky used is largely in excess of what would be necessary either to extract or to preserve the medicinal properties of any herbs, roots, or drugs, 40 to 50 per cent. proof spirits being sufficient for those purposes in any case. The fact that there are labels on the bottles, or that it is called a medicine or medicinal preparation, does not make it so. A great many people regard all whiskies as possessing medicinal virtues, and no doubt there are some diseases which, by a prompt use of whisky—I mean plain whisky—may be, if not cured,

at least temporarily relieved; but that fact alone does not authorize dealers, whether druggists or others, to sell them without paying the special tax required by law. A manufacturer of medicinal articles putting up preparations containing supposed curative elements of medicinal substances, supposed or claimed to possess the virtue of curing or relieving disorders of the human body, may use in the preparation thereof such a per cent. or quantity of alcohol or distilled spirits as he, in his honest judgment, thinks necessary to extract the virtues of the ingredients used and to hold the same in solution, and the merchant or druggist selling such articles in good faith as a medicinal preparation is not guilty of the offense charged in this indictment. But if, as a matter of fact, such preparation contains a large percentage of alcohol or spirits—as much as 50 per cent., or, as the evidence in this case shows, 88 per cent. of proof spirits—the fact that there are other ingredients in it which possess curative powers does not authorize the sale of such articles without the payment of the special tax. The laws against such sales are not to be evaded by mere names which may be added or used to designate a certain preparation composed in the essential parts of distilled spirits. The law does not tolerate subterfuges, and merely disguising whisky or distilled spirits by aromatic or other drugs, or putting some herbs or roots in them to serve as a substitute for whisky, is not to be tolerated. If the principal ingredient is whisky, it is immaterial whether it is called a patent or proprietary medicine, or by any other name. In this case, if you find that this "Duffy's Malt Whiskey" is principally whisky, diluted with water so as to reduce it below the 100 proof, but is over 50 per cent. proof, or, as the evidence in this case tends to show, 88 per cent. proof, then the fact that there are some drugs in it, or that it is called a medicine, does not relieve a dealer from the payment of the special tax, and, as the defendant admits the sale of this whisky, if you find that it is principally whisky your verdict should be "Guilty." But if, on the other hand, you believe from the evidence in this case that it is a medicinal preparation, and that the whisky used in it is no more than is necessary for the purpose of extracting the virtues of the drugs used and preserving them, then your verdict should be "Not guilty." This being a criminal case, it is incumbent upon the government to satisfy you of all the material allegations in the indictment beyond a reasonable doubt. If there is any doubt in your mind arising from the evidence as to the defendant's guilt, then your verdict should be "Not guilty," but if you have no such doubt then your verdict should be "Guilty."

The jury, after an absence of five minutes, returned a verdict of "Guilty."