## GOLDBERG et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 3, 1922.)

No. 3591.

1. **Internal revenue ⬅2—Statute requiring "retail liquor dealers" to pay tax was not repealed by War-Time Prohibition Act.**

Rev. St. § 3244 (Comp. St. §§ 5971, 6176, 6187), imposing a special tax on "retail liquor dealers," who are defined as those who sell distilled spirits in less quantities than five gallons at one time, and which required the tax to be paid, not only by persons engaged exclusively in the sale of liquor, but also by druggists and others who, in connection with their other business, sold liquor for medicinal, mechanical, or other purposes, was not repealed by the War-Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115$\frac{11}{12}$f–3115$\frac{11}{12}$h), which prohibited the sale of distilled spirits for beverage purposes during the war.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Retail Liquor Dealer.]

2. **Criminal law ⬅15—Punishment for failure to pay special tax is not released by subsequent enactment of national prohibition.**

One who had committed the offense of selling intoxicating liquors without having paid the special tax required of retail liquor dealers, prior to

---

the adoption of the Eighteenth Amendment and the enactment of the National Prohibition Act, can be tried and punished for that offense after national prohibition took effect, under Rev. St. § 13 (Comp. St. § 14), providing that the repeal of any statute shall not have the effect to release any penalty unless the repealing act shall expressly so declare.

3. **Criminal law** ⬥1035(2), 1129(1)—**Error in consolidation of cases for trial not reviewable, where no objection nor assignments of error.**

Even if it was error to consolidate for trial a joint indictment against two defendants for failure to pay the special retail liquor dealer's tax, with separate indictments against each defendant charging a sale of liquor contrary to the War-Time Prohibition Act (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}/_{12}$f–3115$^{11}/_{12}$h), the objection is not available to defendants, where it was not made before trial, nor included in the original assignments of error, but was sought to be raised for the first time in the appellate court.

4. **Criminal law** ⬥1038(1), 1056(1), 1129(1)—**Charge must be objected to, exception saved, and assigned as error, to be reviewable.**

Charges of the court are not reviewable, where no objection was made to them when they were given, no exceptions were taken, and no assignment of error was based upon them.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Harry Goldberg and another were convicted of carrying on the business of a retail liquor dealer without having paid the special tax, and of unlawful sale of distilled spirits for beverage purposes, contrary to the War-Time Prohibition Act, and they bring error. Affirmed.

Shelby Myrick and A. A. Lawrence, both of Savannah, Ga., and J. T. G. Crawford, of Jacksonville, Fla., for plaintiffs in error.

Charles D. Russell, Asst. U. S. Atty., and John W. Bennett, U. S. Atty., both of Savannah, Ga.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The defendants, Harry Goldberg and Israel Goldberg, were convicted upon a joint indictment, charging that on July 29, 1919, they were carrying on the business of a retail liquor dealer without having paid the special tax required by Revised Statutes, § 3244 (Comp. St. §§ 5971, 6176, 6187). Each defendant was also convicted upon a separate indictment charging an unlawful sale, on July 31, 1919, of distilled spirits for beverage purposes. The joint indictment is based upon Revised Statutes, § 3242 (section 5965), and the separate indictments upon the provision of the War Prohibition Act, to the effect that after June 30, 1919, and until the conclusion of the War and demobilization, it should be unlawful to sell distilled spirits for beverage purposes. 40 Stat. at L. 1046 (Comp. St. Ann. Supp. 1919, §§ 3115$^{11}/_{12}$f–3115$^{11}/_{12}$h).

The indictments were found November 15, 1919, and consolidated for trial by order of court upon motion of the district attorney, and without objection by defendants, or either of them. A demurrer to the joint indictment, upon the ground that the payment of tax by a retail liquor dealer has not been required by law since June 30, 1919—the effective date of the War Prohibition Act—was overruled.

There was sufficient evidence that liquor was being sold at retail at

---

a store in Savannah. Sales on at least three occasions were shown, and several thousand empty bottles and cartons with whisky labels on them were found there.

The principal contention on the facts is that the place of business was being conducted, not by the defendants, but by several of their brothers. The defendant Harry Goldberg claims a case of mistaken identity. One witness seemed to be in some doubt as to the identity of this defendant, but other witnesses testified positively that he was present while sales were being made and asserted the rights of an owner of the place, by resisting a search by government officials, and demanding to be shown their authority to make it. Besides, the defendants offered in evidence, without limitation as to its purpose or effect, testimony taken at a preliminary hearing, from which it appeared that the doubtful witness was more positive just after the arrest of the defendants than he was at the time of the trial, which occurred more than a year later. The defendant Israel Goldberg undertook to prove an alibi, but he was positively identified.

[1] The order of the court overruling the demurrer to the joint indictment is assigned as error. It is contended that section 3244, which required a special tax of retail liquor dealers, was repealed by the War Prohibition Act, and that consequently no tax was required on the date when it is charged by the indictment that defendants engaged in the business of retail liquor dealers. Section 3244 defines a retail liquor dealer as a person who sells or offers for sale distilled spirits in less quantities than five wine gallons at the same time. Prior to the passage of the War Prohibition Act, no distinction was made between dealers engaged in the sale of distilled spirits for beverage purposes and dealers so engaged for any other purpose. Besides, the special tax was required to be paid, not only by persons engaged exclusively in the sale of liquor, but also by druggists and others who, in connection with their other business, sold liquor for medicinal, mechanical, or other purposes. United States v. Stafford (D. C.) 20 Fed. 720; United States v. White (D. C.) 42 Fed. 138; United States v. Morfew (D. C.) 136 Fed. 491.

The joint indictment did not charge, and it was not necessary that it should charge, that the defendants were engaged in the business of selling distilled spirits for beverage purposes. The War Prohibition Act was not intended to repeal the general provisions of law for the collection of internal revenue, and none of those provisions were intended to be or were repealed, superseded or supplanted until the Eighteenth Amendment and the National Prohibition Act (41 Stat. 305) became effective.

[2] Inasmuch as the trial occurred after the effective date of the amendment and the National Prohibition Act, it is also contended that either the amendment or the last-mentioned act repealed the revenue provisions of the Revised Statutes and the War Prohibition Act, and that therefore, although it was a violation of the law to engage in the business of a retail liquor dealer at the time the indictment was found, punishment could not be imposed, because of the repeal before trial. This contention is untenable, in view of section 13, Revised Statutes

(Comp. St. § 14), which provides that the repeal of any statute shall not have the effect to release any penalty, forfeiture, or liability unless the repealing act shall expressly so declare. There is no such declaration in the National Prohibition Act.

[3] The order of the court consolidating the indictments for trial is attacked as being erroneous. That objection was not made before trial; it was not included in the original assignments of error, but is sought to be raised for the first time in this court. It may be assumed that, if timely objection had been made, the order consolidating the indictments would form the basis for reversible error. But parties should not sit idly by, and by their silence acquiesce in, or consent to, proceedings at a trial which are not in strict conformity to law, if they expect to complain of such proceedings in an appellate court. Important rights, even in criminal cases, can be waived. Frank v. Mangum, 237 U. S. 309, 35 Sup. 582, 59 L. Ed. 969. The principal case relied on is that of McElroy v. United States, 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355. But there the defendants objected and excepted to the order of consolidation.

[4] Counsel argue in their brief and orally that the trial judge committed error in several charges given by him to the jury, but no objection was made to these charges when given, no exceptions taken, and no assignment of error is based upon them. Under these circumstances, the charges of the court are not before us for review.

The judgments are affirmed.