## CHAPMAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 21, 1925. Rehearing Denied January 29, 1926.)

No. 4634.

1. Conspiracy ⬅️47—Evidence held to support conviction of conspiracy to transport motor vehicles with knowledge that they had been stolen.

Evidence *held* sufficient to sustain conviction for conspiracy, under Criminal Code, § 37 (Comp. St. § 10201), to transport motor vehicles with knowledge that they had been stolen, in violation of National Motor Vehicle Theft Act (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f).

2. Indictment and information ⬅️125(5½)—Conspiracy to commit several offenses may be charged in same count of indictment.

Conspiracy to commit several offenses may be charged in same count of indictment.

3. Indictment and information ⬅️130—Held not to have been misjoinder of offenses, where evidence failed to connect some of defendants in conspiracy charge with substantive offense.

Where evidence fails to connect some of defendants to charge of conspiracy with substantive offenses of transporting automobiles which they knew had been stolen, *held*, that there was no misjoinder of offenses, in view of Rev. St. § 1024 (Comp. St. § 1690), as crimes of same class may be properly joined.

4. Witnesses ⬅️48(1)—One convicted of felony is competent witness.

One who has been convicted of felony is competent witness in criminal case.

5. Criminal law ⬅️753(2)—Refusal to direct verdict for defendants is not error, where evidence would sustain verdict of guilty.

Where evidence is sufficient to sustain verdict of guilty, it was not error to refuse to direct verdict for defendants.

6. Criminal law ⬅️97(1)—Conspiracy trial may be held in Texas, where overt acts were committed therein, although some defendants remained in another state.

Where conspiracy existed in Oklahoma and Texas, trial could be held in Texas, notwithstanding some of defendants remained in Oklahoma, and overt acts were performed by others in Texas, since all defendants need not join in overt acts.

7. Criminal law ⬅️1134(3)—Court will not inquire whether evidence supports verdict on other counts, when sentence is no greater than could be imposed on first count.

Where sentence of defendant is no greater than could have been imposed on first count in indictment, it is unnecessary to inquire whether evidence supports verdict on other counts.

8. Fines ⬅️12—Trial court is without authority to impose additional imprisonment in default of payment of fine.

Under Rev. St. §§ 1041, 1042 (Comp. St. §§ 1705, 1706), trial court is without authority to impose additional imprisonment in default of payment of fine imposed, and imprisonment cannot be extended beyond 30 days for nonpayment of fine.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Edgar M. Chapman and another were convicted of conspiracy, under Criminal Code, § 37, to transport motor vehicles with knowledge that they had been stolen, in violation of Motor Vehicle Theft Act, and defendant first named was also convicted on two counts of transporting motor vehicles in interstate commerce with knowledge that they were stolen, and they bring error. Judgment affirmed, but cause remanded for proper sentence.

Cecil H. Smith, of Sherman, Tex. (Head, Dillard, Smith, Maxey & Head, of Sherman, Tex., Ratliff & Ratliff, of Tishomingo, Okl., and J. H. Mathers, of Oklahoma City, Okl., on the brief), for plaintiffs in error.

Randolph Bryant, U. S. Atty., of Sherman, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an indictment in nine counts against six defendants. The first count alleges a conspiracy, under section 37 of the Criminal Code (Comp. St. § 10201), to transport motor vehicles from Oklahoma to Texas and from Texas to Oklahoma, with knowledge that they had been stolen, in violation of the National Motor Vehicle Theft Act. 41 Stat. 324 (Comp. St. Ann. Supp. 1923, §§ 10418b–10418f). Numerous overt acts to effect the object of the conspiracy are alleged. The other counts charged all the defendants with the substantive offenses of transporting motor vehicles in interstate commerce with knowledge that they were stolen; each of said counts specifying a particularly described automobile, which was also referred to in connection with some of the overt acts alleged in the first count. Only two of the defendants, Chapman and Lynn, have sued out writ of error. Chapman was convicted on the first, second, and third counts, and Lynn on the first or conspiracy count. Chapman was sentenced to pay a fine of $2,500 and to be imprisoned in the United States penitentiary for 18 months; but in default of the payment of the fine he was sentenced to imprisonment for 2 years. Lynn was sentenced to pay a fine of $3,000 and to be imprisoned in the United States penitentiary

for 15 months; but in default of the payment of the fine he was sentenced to be imprisoned for a period of 2 years.

[1] There was sufficient evidence, if believed by the jury, to sustain the verdict. According to the testimony, Chapman and Lynn arranged to buy and did buy a number of Ford cars, which they knew were stolen and brought from Texas into Oklahoma. They also, by agreement, bought Ford cars stolen in Oklahoma and sold them in Texas. One Russell, who testified for the government, had been convicted in Texas of a felony, and his testimony was admitted, over the objection that it was incompetent.

[2, 3] It is argued that the conspiracy count is bad, because it charges more than one criminal offense. It is permissible to charge a conspiracy to commit several offenses in the same count of an indictment. Bailey v. United States (C. C. A.) 5 F.(2d) 437. It is also insisted that there was a misjoinder of offenses, in that the evidence failed to connect some of the defendants with the substantive offenses of transporting automobiles which they knew had been stolen. It is not shown that injury resulted from this, but, on the contrary, it appears that the court carefully protected the rights of each defendant. The substantive offenses related to the same automobiles described in the overt acts, but the evidence failed to show that all of the defendants were guilty of the substantive offenses. The crimes were all of the same class and were properly joined. R. S. § 1024 (Comp. St. § 1690).

[4, 5] The witness Russell, whose testimony was objected to on the ground that he had been convicted of a felony, was a competent witness. Rosen v. United States, 245 U. S. 467, 38 S. Ct. 148, 62 L. Ed. 406. The evidence being sufficient to sustain a verdict of guilty, it, of course, was not error to refuse to direct a verdict for defendants.

[6] But it is insisted that the conspiracy was entered into in Oklahoma, if anywhere, and that the trial could not be held in Texas. According to the evidence, the conspiracy existed in both states. It is immaterial if some of the defendants remained in Oklahoma and the overt acts were performed by others of them in Texas. It need not appear that all the defendants joined in the overt acts; it is enough if the overt acts in pursuance of the conspiracy be committed by any one or more of the conspirators less than the whole number. Bannon v. United States, 156 U. S. 464, 15 S. Ct. 467, 39 L. Ed. 494; United States v. Rabinowich, 238 U. S. 78, 35 S. Ct. 682, 59 L. Ed. 1211; Baker v. United States (C. C. A.) 285 F. 15. The conspiracy exists in any jurisdiction where overt acts are committed. Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614.

[7] It is finally said that the evidence does not support a verdict of guilty against Chapman on the second and third counts. It is unnecessary to inquire whether this contention be correct or not, as the sentence of that defendant is not greater than could have been imposed upon him under the first or conspiracy count.

[8] The maximum sentence under section 37 of the Criminal Code is a fine of $10,000 and imprisonment for 2 years. We are of opinion that the trial court was without authority to impose additional imprisonment in default of the payment of the fine imposed by it upon each of the plaintiffs in error. Section 1041, Revised Statutes (Comp. St. § 1705), impliedly authorizes imprisonment only until the fine is paid. Section 1042 (Comp. St. § 1706) confers upon one who is unable to pay a fine, and who has been confined in prison 30 days for non-payment, the right to be discharged. We therefore are of opinion that imprisonment cannot be extended beyond 30 days for the nonpayment of a fine.

The judgment is affirmed, but the cause is remanded for proper sentence upon each of the plaintiffs in error.