## FORAKIS v. UNITED STATES.

### No. 2655.

Circuit Court of Appeals, Tenth Circuit.

Aug. 20, 1943.

Walter M. Critchlow, of Salt Lake City, Utah (Grant Macfarlane, of Salt Lake City, Utah, on the brief), for appellant.

John S. Boyden, Asst. U. S. Atty., of Salt Lake City, Utah (Dan B. Shields, U. S. Atty., and Scott M. Matheson, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This appeal is from a conviction of murder in the second degree for the killing of an Indian on an Indian Reservation in Utah.

The jurisdiction of the court is not questioned, the indictment is not attacked, the sufficiency of the evidence as a whole is not challenged, and no complaint is made in respect of the admission or exclusion of any particular testimony. Certain requested instructions were tendered but no point is made of the failure to give them. They are not even mentioned in the brief of appellant. The contentions advanced for reversal of the judgment and sentence relate solely and exclusively to the instructions given by the court. But no exceptions were taken to the instructions. Instead, at the conclusion of the giving of the instructions appellant submitted one suggestion, the court immediately gave an additional instruction covering the matter, and appellant then stated in response to an inquiry of the court that he had nothing further to suggest. Therefore, the questions now presented were not preserved and are not open to review. Lindsay v. Burgess, 156 U.S. 208, 15 S.Ct. 355, 39 L.Ed. 399; Order of United Commercial Travelers v. Greer, 10 Cir., 43 F.2d 499; Kitrell v. United States, 10 Cir., 79 F.2d 259; Scritchfield v. Kennedy, 10 Cir., 103 F.2d 467.

Errors occurring during the trial of a criminal case must be appropriately called to the attention of the trial court by objection, exception, or otherwise, thus affording an opportunity for correction; and ordinarily where that is not done they are not reviewable on appeal. Bogileno v. United States, 10 Cir., 38 F.2d 584; Addis v. United States, 10 Cir., 62 F.2d 329; Williams v. United States, 10 Cir., 66 F.2d 868; Trefone v. United States, 10 Cir., 67 F.2d 954; Strader v. United States, 10 Cir., 72 F.2d 589; Kelly v. United States, 10 Cir., 76 F.2d 847; Edgmon v. United States, 10 Cir., 87 F.2d 13; Crabb v. United States, 10 Cir., 99 F.2d 325; Hayes v. United States, 10 Cir., 112 F.2d 676; Miller v. United States, 10 Cir., 120 F.2d 968; Rose v. United States, 10 Cir., 128 F.2d 622.

That general rule bears the well recognized exception that where life or liberty is involved, an appellate court may notice and correct serious errors which were fatal to the rights of the accused even though they were not challenged or reserved. Bogileno v. United States, supra; Addis v. United States, supra; Williams v. United States, supra; Strader v. United States, supra; Kelly v. United States, supra; Edgmon v. United States, supra; Crabb v. United States, supra; Hayes v. United States, supra; Miller v. United States, supra; Rose v. United States, supra. But no error of that kind is presented here.

The judgment is affirmed.

HUXMAN, Circuit Judge (dissenting).

I think the decision should be reversed and the cause remanded with directions to grant a new trial.

The killing was admitted, but the defendant claimed that he shot in self defense. The burden of proving the defendant guilty beyond a reasonable doubt rested upon the government. This burden never shifted to the defendant at any stage of the proceedings.

When the plea of self defense was interposed, the duty rested upon the defendant to go forward, that is, he was required to introduce some evidence to put in issue his plea that he killed in self defense. It was not sufficient for him to simply say, "I thought my life was in danger and therefore I shot to save my own life." But the proof of the defendant was not required to establish self defense beyond a reasonable doubt, nor yet by a preponderance of the evidence. All that was required was that he introduce sufficient evidence to put the plea in issue, and it was then the duty of the government to again go forward with the burden that rested upon it and establish

beyond a reasonable doubt that the accused did not kill in self defense. De Groot v. United States, 78 F.2d 244.

The defendant sufficiently met this burden which rested upon him, and introduced adequate evidence to put the defense in issue. The evidence introduced established without contradiction that there had been difficulties between the defendant and the deceased, Dick Quiup, and his brother, John Quiup, over horses which the Quiups permitted to run in the defendant's fields. He had taken these horses up on previous occasions. Threats had been passed back and forth between the parties. Upon discovering the horses in his grain field on this occasion, he again took them up and confined them in a corral on his farm. Dick and John saw the horses in the corral. Dick got on his horse and rode at a fast gait to get them, while his brother John took a high powered rifle and ran to some bushes about 275 yards away. Admittedly the brother shot at the defendant three times with his high powered rifle. It also is clear that the deceased tried forcibly to remove the horses from the corral. Whether the three shots fired by the brother of the deceased preceded or followed the shot by the defendant which killed Dick is in dispute. The defendant claims that the deceased tried to ride him down, that he was running to escape, and heard several shots fired, whereupon he whirled and shot the deceased. The brother, on the other hand, testified that he shot at the defendant three times after the defendant had fired at his brother. The court gave the following instruction:

"The burden of proof in this case rests upon the Government in the first instance to prove to your satisfaction beyond a reasonable doubt the guilt of the defendant.

"Now all presumptions of law independent of evidence are in favor of innocence, and a man is presumed to be innocent until he is proven guilty beyond a reasonable doubt, and in case of a reasonable doubt as to whether his guilt is satisfactorily shown, he is entitled to an acquittal.

"On the other hand, I will say at this point the defense here, one defense, is that of self defense. It is claimed by the defendant that he was justified under the circumstances existing in this case in shooting the deceased, that his own life was in danger or his person in imminent danger of injury, and that when he shot this man he believed he was being shot at because the deceased was driving his horse towards him and against him—or riding his horse. These are matters that you should consider. The testimony in the case tends to show, I believe, that the deceased was not armed, and that certain shots were heard, according to the testimony of the defendant himself and witnesses called by him; so that there were shots fired before he fired. He said he thought those shots were being fired at him by the deceased. Did he have reasonable ground to believe that? Did he believe it in good faith? If he did and the danger seemed to be imminent, and you think it was under all the evidence in the case from his standpoint, then the defense of self-defense would be available for him in this case. That is one of the cases I told you a while ago that constitutes justifiable homicide."

Without specifically analyzing the instruction of the court, I think it may fairly be said that what the court said about self defense was rather confusing and did not make clear the burden of proof that rested on the government on this issue.

The court failed to give any specific instruction with regard to the burden of proof on the issue of self defense and failed entirely to give any instruction on the amount or quantum of proof required by the government to override the plea of self defense which was put in issue by the defendant.

There is grave doubt in my mind whether the government established beyond a reasonable doubt that the killing was not in self defense. I have serious doubts whether the jury would have found the defendant guilty if the court had instructed them in substance that unless the government established beyond a reasonable doubt that the killing was not in self defense, it was their duty to find the defendant not guilty.

While the defendant took no exceptions to the instructions of the court, he did offer an instruction on the burden of proof on self defense, which was substantially correct. The court not only refused to give this instruction, but failed to specifically instruct at all on the burden of proof on this issue.

In a criminal case, it is the duty of a court to instruct on all essential questions of law, whether requested or not. Miller v. United States, 10 Cir., 120 F.2d 968; Kreiner v. United States, 2 Cir., 11 F.2d 722, 731. Self defense was the vital issue

584

involved. The entire case revolved around this issue, and the court, without request, should have clearly instructed the jury as to the burden of proof when self defense was put in issue.

It appears to me that this question is sufficiently grave that we should not lightly brush it aside by merely saying that the question was not properly preserved and is therefore not open for review. It is open for review. Any question which seriously involves the right to life or liberty is always open to review on appeal, whether properly preserved or not. See Miller v. United States, supra, and cases cited therein. In Crawford v. United States, 212 U.S. 183, 194, 29 S.Ct. 260, 264, 53 L.Ed. 465, 15 Ann.Cas. 392, the Supreme Court said: "In criminal cases courts are not inclined to be as exacting with reference to the specific character of the objection made as in civil cases. They will, in the exercise of a sound discretion, sometimes notice error in the trial of a criminal case, although the question was not properly raised at the trial by objection and exception." For these reasons, I respectfully dissent.