## DAVIS v. UNITED STATES.
### No. 11113.

Circuit Court of Appeals, Fifth Circuit.
March 12, 1945.

Rehearing Denied April 6, 1945.

Writ of Certiorari Denied June 18, 1945.
See 65 S.Ct. 1570.

Weldon G. Starry, Julius F. Parker, Leo L. Foster, and Millard F. Caldwell, all of Tallahassee, Fla., for appellant.

John P. Cowart, U. S. Atty., and Chas. W. Walker, Asst. U. S. Atty., both of Macon, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant and several other persons were indicted for conspiracy to violate the internal revenue laws relating to intoxicating liquor. The same grand jury returned two other indictments; one of these charged certain persons (alleged co-conspirators of appellant under the first indictment) with conspiring together to obstruct justice by intimidating witnesses, and the other charged one of the alleged co-conspirators with selling syrup of the character used in the manufacture of whiskey without reporting the details of such sales as required by law. The three indictments were consolidated for trial in the court below. Appellant was found guilty, and he appealed.

These are appellant's contentions: (1) That the indictments were improperly consolidated for trial, (2) that the United States District Court for the Middle District of Georgia had no jursidiction, (3) that the court's charge to the jury contained prejudicial error, and (4) that there was no evidence to support the verdict and judgment. Little need be said to point out the want of merit in these contentions.

■ The consolidation of two or more indictments for trial is a matter addressed to the sound discretion of the trial court whenever the offenses charged against any one person grew out of interrelated occurrences and expediency may be served without interference with substantial justice.[1] Not only was this such a case, but the order of consolidation was entered upon the motion of the attorney for one defendant, and was ratified and approved by the other attorneys, including counsel for appellant. No attack upon that order may now be countenanced.[2]

■ The jurisdictional question was raised for the first time in this court. It is argued that all of the defendants were residents of the State of Florida, that the alleged conspiracy was formed there, and that no overt act participated in by appellant took place elsewhere than in Florida. Conceding the truth of these facts, it is only necessary to observe that some of the overt acts committed by other defendants in furtherance of the conspiracy occurred in Georgia within the jurisdiction of the court below. A prosecution for conspiracy may be maintained in any federal district where an overt act is committed in furtherance thereof, even though some conspirators never entered that state or district.[3]

■ We have examined the court's charge to the jury. The portions thereof relating to the crime of conspiracy, and the proper function of the jury under the consolidated indictments, covered several pages and were delivered in clear, simple language. Moreover, the jury asked and received further instructions on the matters that were not fully understood. No objection was made to the charge by any defendant, and the record affirmatively shows that no error of a nature that may be now considered was committed.[4]

■ The record does not disclose that the question of the sufficiency of the evidence to support the conviction was properly saved for review by a motion for a directed verdict. Be this as it may, it appears that several witnesses testified to facts that, if true, established appellant's guilt beyond a reasonable doubt. The credibility of witnesses is a matter within the exclusive province of the jury.

The judgment is

Affirmed.

[1] Goodfriend v. United States, 9 Cir., 294 F. 148; Chapman v. United States, 5 Cir., 10 F.2d 124; Cardigan v. Biddle, 8 Cir., 10 F.2d 444; Morris v. United States, 9 Cir., 12 F.2d 727; 18 U.S. C.A. § 557.

[2] Logan v. United States, 144 U.S. 263, 296, 12 S.Ct. 617, 36 L.Ed. 429; Goldberg v. United States, 5 Cir., 280 F. 89; Dowling v. United States, 5 Cir., 49 F.2d 1014.

[3] Hyde v. United States, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas. 1914A, 614; Wing v. United States, 280 F. 112; Morris v. United States, 8 Cir., 7 F.2d 785; Chapman v. United States, 5 Cir., 10 F.2d 124; Smith v. United States, 9 Cir., 92 F.2d 460.

[4] Cf. Benson v. United States, 5 Cir., 112 F.2d 422.