## STAPLES v. JOHNSON.

MALICIOUS PROSECUTION; PROBABLE CAUSE; EMBEZZLEMENT; INSTRUCTIONS
TO THE JURY.

1. In a suit for malicious prosecution it is necessary for the plaintiff to
   prove both malice and want of probable cause.
2. Malice is a question exclusively for the jury, while probable cause is a
   mixed question of law and fact, becoming a question of law after the
   facts are ascertained, and devolving upon the court the duty to instruct
   the jury as to the law arising upon the facts.
3. Where the facts are sufficient to support it, an instruction in an action
   for malicious prosecution is correct which tells the jury that, if they
   believe from the evidence that the defendant "acted on advice of legal
   counsel in making the affidavit upon which the warrant for embezzle-
   ment issued, and under the honest belief that he was taking only such
   action as was warranted by law, he having first given a full statement
   of the facts of the case to counsel, the verdict should be for the defend-
   ant."
4. Where the night clerk of a hotel, a man of good reputation, after his
   discharge for a trifling cause by the proprietor, retained $10 which
   he had in the money drawer, on the ground that he was owed more than
   that sum by the proprietor, and the latter procured his arrest for
   embezzlement after consulting counsel, which prosecution resulted in
   the discharge of the accused, the grand jury ignoring the charge, there

is enough to warrant the submission of the facts to the jury in an action against the proprietor for malicious prosecution.

5. In a malicious prosecution case, if the question of probable cause be erroneously submitted to the jury, instead of being decided by the trial court, a finding for the plaintiff will not be disturbed on appeal, if it appear that the jury has not erred in point of law; there being no prejudicial error.

6. Where a discharged clerk, without concealment and in good faith, retains his employer's money under a claim that his employer owes him more than the sum retained, he is not guilty of embezzlement, and it is immaterial whether his claim is well founded; nor is it necessary that the indebtedness, if any, due him should be for a liquidated amount. The question is whether the claim was made in good faith.

No. 1473. Submitted February 17, 1905. Decided March 7, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia entered upon the verdict of a jury in an action for malicious prosecution.

*Affirmed.*

The COURT in the opinion stated the case as follows:

This appeal is from a judgment entered upon the verdict of a jury in favor of the appellee, John C. Johnson, the plaintiff below, for the sum of $2,500, with interest thereon from June 14, 1904, and for costs. The suit was one for malicious prosecution, and the facts, so far as material to the determination of the questions involved in the appeal, are these:

The appellee on December 2, 1901, was in appellant's employ as night clerk at the Riggs House, at a monthly compensation of $20, with board and lodging, when, without notice and without reason assigned, he was discharged. He had been in the same employ and in various capacities for about three years. He had been night clerk for over a year and a half, and as night clerk he was given $10 with which to make change for the patrons of the hotel. As he was about going off duty on the morning of his discharge the appellant, Orrin G. Staples, directed him to go to a store and have a man sent to the hotel to lay carpets. He made no reply, but shortly went to the hotel

dining room for his breakfast, and while eating it the appellant came to him and asked whether he had been on the errand, and learning that he had not, in a rough manner discharged him and told him to go to the office and get his pay. Later in the day he was given a small sum, stated to be the amount due him up to the time of his discharge. He made no objection to the amount at the time of the discharge. He gave up the key to his money drawer, and the clerk, opening it and not finding the $10, asked for it. He replied that appellant owed him more than that amount, and that he would not pay it until he had a settlement. On going for his baggage he was told that it was locked up. He replevined it, and judgment was given in his favor, with costs, which appellant paid. On December 9, and after judgment had been awarded him in the replevin proceedings, he was arrested on a warrant sworn out by appellant charging him with larceny of the $10, and was taken to the police station house, but not detained. Later he gave bail, and finally, on December 19, a *nolle pros.* was entered. On the same day he was arraigned in the police court, on the charge of embezzlement of the $10, on a warrant sworn out by appellant. He was held to await the action of the grand jury, and later was discharged, the grand jury ignoring the charge.

Testimony was given to show that he was of good reputation for honesty and integrity prior to his arrest.

Before making the affidavit upon which the first arrest was made, appellant consulted his counsel, a reputable attorney, and informed him of appellee's employment, discharge, payment of wages as already stated, his retention of the $10, and his refusal to return it. He did not inform his attorney that appellee claimed that money was due from him. He went with his attorney to the United States attorney for the District, and stated to him the same facts. The latter directed him to go to the police court, and take out a warrant for the arrest of the appellee for larceny. After that, and before making the affidavit upon which the warrant for embezzlement was issued, he informed the assistant United States attorney prosecuting at the police court, of the same facts and of appellee's claim that ap-

pellant owed him money, whereupon he was advised to make the affidavit charging embezzlement. At no time did he inform his counsel, the United States attorney, or the assistant United States attorney, that appellee had brought a replevin suit against him to recover his baggage, and recovered judgment for costs, which he paid.

At the conclusion of the trial the appellant asked the court to give to the jury the four following separate instructions:

"1. The jury are instructed that upon the whole evidence their verdict should be for the defendant, and they should so find.

"2. It is not sufficient to entitle the plaintiff to recover, that the jury should believe that he was in fact not guilty of the offense charged in the warrant for embezzlement, and was wrongfully arrested and prosecuted; it is also incumbent upon him to satisfy the jury, by a preponderance of proof, that in the prosecution of the charge of embezzlement the defendant acted without probable cause, and was actuated by improper and malicious motives.

"3. If the jury believe from the evidence that the defendant, Staples, acted on the advice of legal counsel in making the affidavit upon which the warrant for embezzlement issued, and under an honest belief that he was taking only such action as was warranted by law, he having first given a full statement of the facts of the case to counsel, the verdict should be for the defendant.

"4. If the jury find from the evidence that the plaintiff was in the employ of the defendant as night clerk, at defendant's hotel, and that as such clerk he was entrusted by defendant with $10 with which to make change for patrons of the hotel, and that such money was to be kept by the plaintiff in a particular drawer in the hotel office desk; and further find that at the discharge of the plaintiff from his employment, on December 2, 1901, it was found he had taken the money in question from said drawer, and had it in his possession; and further find that plaintiff refused to surrender said sum of money, but kept the same, alleging that the defendant was indebted to him in some in-

definite amount, and, further, that such claim by the plaintiff was unfounded, and that nothing was due him,—then they are instructed that the defendant had probable cause for charging the plaintiff with embezzlement, and the verdict should be for the defendant."

The presiding justice granted the second and third prayers and refused the first and fourth. The appeal is based upon the alleged errors of the trial justice in refusing the first and fourth prayers.

*Mr. Arthur A. Birney* and *Mr. Henry F. Woodward* for the appellant.

*Mr. Andrew A. Lipscomb, Mr. F. Edward Mitchell,* and *Mr. D. W. Baker* for the appellee.

Mr. Justice Duell delivered the opinion of the Court:

Undoubtedly, to maintain a suit for malicious prosecution, it is necessary for the plaintiff to prove both malice and want of probable cause. In the case at bar such malice and probable cause must relate to the prosecution by appellant of the charge of embezzlement.

The appellee was not guilty of embezzlement, because the money was retained without concealment and under a claim of right evidently made in good faith, and whether it was well founded or not is immaterial. If there was any proof of malice and lack of probable cause in the prosecution, it was clearly the duty of the trial justice to submit the case to the jury. Malice is a question exclusively for the jury, and while probable cause is a mixed question of law and fact, becoming a question of law after the facts are ascertained, and devolving upon the court the duty to instruct the jury as to the law arising upon the facts, the trial justice, in view of the proofs in the case at bar, would clearly have erred had he granted the first prayer and instructed the jury to find for appellant. There was evidence which required that question to be submitted to the jury. Appellant did

not prefer the charge in hot blood. He was deliberate in all his actions. The appellee had been in his employ for something like three years. He was a man of good reputation. He had been trusted by appellant for a year and a half with the small sum he was charged with embezzling. He had been discharged without notice and for a trivial cause. There was enough in the facts to warrant the consideration by the jury of the question of malice. The appellant relies upon the advice of counsel as establishing probable cause. It was a question for the jury to say upon the evidence whether the advice of counsel was sought and acted upon in good faith, and whether there was a full and fair disclosure of the facts. The third prayer, being one of those granted by the trial justice, correctly stated the law which should govern the jury in the consideration of the facts offered to prove probable cause. We think the charge was all that appellant was entitled to on the question of probable cause. Even conceding that the jury should not have been permitted to consider the evidence relating to probable cause, and that it was the province of the court to say that all the material facts had been stated by appellant to counsel and that he had acted in good faith, we may ourselves inquire whether there was probable cause, and, if so, refuse to reverse the judgment. In *Pangburn* v. *Bull,* 1 Wend. 345, Judge Woodworth said, in referring to this question: "Still when the question of probable cause is submitted to a jury, who find for the plaintiff, and this court, on a review of the case, are satisfied that there evidently was a want of probable cause, and that the jury have not erred in point of law, the judgment will not be reversed for the error of the court in submitting the question to the jury."

We think the jury was warranted in finding want of probable cause. The trial justice was correct in his refusal to grant the first prayer. The fourth prayer was rightfully refused by the trial justice. Of the claim made by appellee that the appellant was indebted to him it is not necessary that the indebtedness should have been for a liquidated amount. If it be meant by the term "indefinite amount," employed in the prayer, that it was for an unliquidated amount, the contention is not well

founded.   If it means something else, then the term itself is
subject to the criticism of being indefinite.   Furthermore, the
prayer was not one that could have been correctly granted, for,
though appellee's claim may have been "unfounded," the ques-
tion of his good faith in making it was also to be taken into ac-
count.   The prayer was too indefinite and uncertain to be
granted.

Believing that no error was committed by the trial justice in
refusing to charge the first and fourth prayers, it follows that
the judgment of the court below should be affirmed, with costs,
and it is so ordered.                              *Affirmed.*