(63 South. 759.)

No. 19,695.

PEARSON v. GREAT SOUTHERN LUMBER CO.

(Dec. 15, 1913.)

*(Syllabus by the Court.)*

1. FALSE IMPRISONMENT (§ 15*) — LIABILITY OF CORPORATION—TORTS OF SERVANT.

A corporation is liable in damages for an unlawful arrest instigated by one of its employés acting in the pursuit of an object relating to the business of his employer, and designed to be of benefit to it.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–67; Dec. Dig. § 15.*]

2. FALSE IMPRISONMENT (§ 15*) — LIABILITY OF CORPORATION—ACTS OF EMPLOYÉ.

Where the electric bulbs of a corporation had been broken by unknown persons, and a watchman in the employ of the corporation causes the arrest of a person whom he suspects of having broken some of them, he is acting for the benefit of the corporation, and, if the arrest is illegal, and without probable cause, the corporation is liable to the person illegally arrested, and the fact that the arrest is actually made by some one other than the watchman, but at his instigation, does not shift the liability of the corporation.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–67; Dec. Dig. § 15.*]

3. FALSE IMPRISONMENT (§ 7*) — ARREST WITHOUT WARRANT—LIABILITIES.

An arrest for a misdemeanor not committed in the presence of the officer arresting should not be made without an affidavit and warrant, and, where this is done without a sufficient inquiry as to the guilt of the party arrested, the person or corporation responsible for the arrest is liable in damages.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–61, 79; Dec. Dig. § 7.*]

4. FALSE IMPRISONMENT (§ 36*)—DAMAGES.

Where the person illegally arrested for an offense was at the time of its commission with the culprit, the court will consider that fact in awarding damages, and, as the conduct of the plaintiff does not recommend him to the court, an award of $100 damages will be held sufficient for his illegal arrest.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 110, 113–115; Dec. Dig. § 36.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thomas M. Burns, Judge.

Action by Harvey Pearson against the Great Southern Lumber Company. Judgment for defendant, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Ott, Johnson & Ott, of Bogalusa, for appellant. Benj. Moore Miller, of Covington, for appellee.

BREAUX, C. J. In this suit in which plaintiff claims damages in the sum of $5,000 against the defendant for false arrest and imprisonment, the facts are nearly the same as in the case of Sharp against the same defendant. On one point there is a difference in that the testimony shows that Sharp broke electric light bulbs. Although Pearson was with him late in the nighttime, as they were passing through defendant's mill, he was not seen to have broken any of the electric lights.

It is charged by defendant that these plaintiffs, instead of taking the shortest route to their homes, went out of the way to pass through the mill; that they might have passed more easily in the front than in the rear. It is also charged by defendant that of its 1,400 lights a number had been broken at previous times.

It remains that plaintiffs were not arrested because they passed through the open mill, where a few others, at any rate, sometimes passed, especially employés, nor because lights had been broken at previous times, nor because they took the long road instead of the short; they were arrested for breaking electric lights, and perpetrating malicious mischief.

Plaintiffs, on the other hand, alleged, and have sworn, that there was no cause for their arrest; they broke no lights, and Pearson swore that he did not see Sharp break any lights.

We take up for decision the question whether plaintiff was arrested without an affidavit, without a warrant, and without probable cause.

[1] There can be no question but that plaintiffs were arrested prior to the filing of the affidavit, and it follows prior to the date of the warrant. Even the defendant does not deny that the arrest was made from one to two hours before the affidavit was made and the warrant issued.

Defendant has it that the imprisonment may have been a false imprisonment, but one for which in that case not only the defense would be liable but also McCabe, Mizell, and Dorsey, who took part in making the arrest, and afterward in preparing the affidavit, and causing a warrant to be issued; that defendant is not responsible for the acts of these officers; that, if any of the parties were wrongdoers, Dorsey (who made the arrest without a warrant) is the greatest culprit.

[2, 3] We think that they were all on the same plane and equally responsible. The arrest should not have been made without an affidavit and warrant. This arrest was made for the benefit of the defendant and at the instance of its night watchman, who directed that the arrest be made. They were employés serving the interest of the defendant within the scope of their employment.

In Schmidt v. N. O. Ry. & Light Co., 116 La. 311, 40 South. 714, 7 L. R. A. (N. S.) 162, the policeman arrested a passenger in error at the instance of the conductor. The court held that the conductor, and it follows the company in whose employ he was, was responsible; substantially, that the conductor and the company could not shift the responsibility from the company by charging the policeman with the act. The railway company and the conductor were instrumental in ousting the passenger, as in this instance the Great Southern Lumber Company is responsible for the acts of those of its employés who took part in making the arrest in question.

There had been some bulbs broken, and the company, through its officers, was trying to discover who were the culprits. The company, through these officers, suggested what should be done. If it did not follow up the acts of those who were acting under its directions, and see that the proceedings were conducted as required, the company must be held liable. Damages caused by policemen or watchman may be charged to the master. That was the view expressed in several decisions in other jurisdictions, notably Baltimore & Chesapeake v. Ennalls, 108 Md. 75, 69 Atl. 638, 16 L. R. A. (N. S.) 1100; Taylor v. New York & Long Branch R. R. Co., 80 N. J. Law, 282, 78 Atl. 169, 39 L. R. A. (N. S.) 122.

The superintendent of the defendant was the moving cause of the arrest. The company, through him, to an extent at least, was responsible for the acts of these employés and officers in its service. This court has decided that:

"Whoever, without first ascertaining if a crime has been committed, causes the arrest of another acts at his peril."

As to Pearson in this case, no crime had been committed, and there was no good reason to believe that he had committed a crime. The charge against him at the time of his arrest was misdemeanor. He was not responsible for the acts of Sharp.

In the cited case, there was no question of the want of an affidavit or of a warrant.

In Lange v. Illinois Central, 107 La. 687, 31 South. 1003, we are satisfied that defendant's employés were not as vigilant as they should have been in satisfying themselves as to the mode of the arrest.

It was said by witnesses on the trial that the plaintiff's reputation was not of the best; that he had worked for the defendant, and was discharged because he had only one hand, and could not perform the work required of him.

As to the breaking of bulbs, beyond a suspicion not sustained as relates to this plaintiff, nothing shows that he was instrumental

in breaking the bulbs. The officers, by proper inquiry, might have found with some certainty whether or not he was guilty of breaking the bulbs. This they failed to do. Every one knows or should know that no arrest for a misdemeanor committed outside of the presence of the one complaining should be made without a warrant based on proper affidavit. Bigelow on Torts (7th Ed.) p. 220, § 442; Clark on Criminal Procedure, pp. 22, 27, 34, citing State v. Bryant, 65 N. C. 327; State v. Shelton, 79 N. C. 605.

There was no breach of the peace committed in the presence of the officer.

[4] The circumstances of this case, we must say, would not justify damages to a large amount. While plaintiff, Pearson, did not break any of the electric light bulbs, his presence precludes him from recovering more than a small amount. Besides, his whole conduct does not recommend him to the court as having been a much injured man. Still, we think that he is entitled to some damages, though small in amount because of the imprisonment without cause in so far as he was concerned, and, furthermore, because the forms of law required were not observed and followed.

For reasons assigned, the judgment of the district court in this case is annulled, avoided, and reversed. It is ordered, adjudged, and decreed, for reasons stated, that the plaintiff recover of the defendant the sum of $100, with 5 per cent. interest from the date of this judgment. Appellee to pay costs of appeal.