DAWKINS, J.
Plaintiff appeals from a judgment sustaining an exception of no cause of action leveled against the -petition in this case.
He alleges, in substance:
That he was arrested by two police officers and taken to the first precinct police station in the city of New Orleans; without warrant and without, any charge having been preferred against him. That his said arrest, detention, and humiliation, as detailed in the petition, was brought about at the instance of “said Fair-child Motor Car Company, Inc., through its officers and employes, to wit, John F. Diendorf, its manager,'and Charles F. Hardie, its president, acting in concert and with premeditated malicious intent to deprive petitioner of his liberty and property (an automobile) without due process of law (and) did conspire together to use the process of the criminal courts and the power and authority vested in the police officers of the city of New Orleans to coerce petitioner into the payment of an alleged civil debt (the price of the automobile), and in default thereof to cause the arrest and forcible detention of petitioner in custody of *173 such officers, and that by reason thereof said Fairchild Motor Oar Company, Inc., said John F. Diendorf, and said Charles F. Hardie are liable to petitioner in solido for all damages sustained by him by reason thereof.
“That petitioner’s said arrest and detention was procured at the request of the said Fair-child Motor Car Company, Inc., through its president and its manager and by the said John F. Diendorf and the said Charles F. Hardie, and that by reason of the representations made by said persons to the said police officers (Cramon and Hollander) that they, the Fair-child Motor Car Company, Inc., John F. Diendorf, and Charles F. Hardie would be responsible for petitioner’s arrest and detention, the Fairchild Motor Car Company, Inc., Charles F. Hardie, and John F. Diendorf made and constituted said police officers, Hollander and Cramon, their agents in the commission of said illegal acts.”
The petition otherwise alleges that the said Hardie, president, while petitioner was under arrest endeavored to get him to deliver the automobile to defendant company until his notes had been paid, which, he declined to do. It recites all the facts and circumstances, and in substance charges that all of the defendants were acting in concert and in the interest of all to procure the payment of a civil debt to the defendant company. It is to be presumed that the president arid manager of a concern of this kind has the authority to file suit and collect the purchase price of the automobiles which it sells, and that what was done by said officers looking to that end was for its use and benefit. Section 16 of Act 267 of 1914. Undoubtedly those individuals, as such, would be liable for their own acts, if committed, as charged, an(l we cannot imagine upon what theory the exception was sustained as to them.
We think the petition clearly states a cause of action as to all defendants. Lange v. I. C. Railroad Co., 107 La. 687, 31 South. 1003; Pearson v. Great Southern Lumber Co., 134 La. 117, 63 South. 759, L. R. A. 1916F, 1247.
The judgment is reversed, the exception of no cause of action overruled, and this cause is remanded to be proceeded with according to law and the views herein expressed; appellee to pay costs of this appeal; all other costs to await final judgment.