**SOUTHERN TRANSP. CO. v. ASHFORD.**

**No. 6071.**

Circuit Court of Appeals, Fifth Circuit.

April 1, 1931.

192

D. A. Frank, of Dallas, Tex., John B. Files, of Shreveport, La., and W. P. Bondies, of Dallas, Tex. (D. A. Frank, of Dallas, Tex., and John B. Files, of Shreveport, La., on the brief), for appellant.

Geo. T. McSween, of Shreveport, La., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The Southern Transportation Company appeals from a judgment for $4,000 obtained by Elmore Ashford, for personal injuries sustained by him in a collision of the automobile in which he was riding as a guest, with a truck of appellant.

Glover, a witness for appellee, was confronted with an affidavit which he admitted signing, and which was somewhat at variance with his testimony. He was allowed to testify in explanation that he had, at the request of an agent of appellant, signed it, but did not swear to it, in order to get the truck driver out of jail, and under promise that the paper should not come up in court. The objection was that the witness was estopped by his affidavit. A party to a civil suit may sometimes be estopped from changing his claims or his contentions because of his pleadings, his solemn admissions, a previous judgment, or statements or conduct by which others have been misled. But a witness as such, if allowed to testify at all, is never cut off from, but is always under the duty of, telling the full truth as he really knows it. A previous contrary statement whether under oath or not is no estoppel, but is admissible in impeachment of the present testimony of the witness. He may state the circumstances under which it was made, or may explain what he meant by it, or may deny that it was made at all. The very purpose of the rule requiring the impeaching writing to be called to the attention of the witness before it can be introduced as an impeachment is to give the opportunity to deny or explain it, or exculpate himself if he can. The Charles Morgan, 115 U. S. 77, 5 S. Ct. 1172, 29 L. Ed. 316. The jury are then to determine under all the circumstances the real force of the impeachment, and the credit to be given the present testimony of the witness.

The numerous assignments of error touching instructions to the jury given or refused cannot be considered because the record fails to show that any exception was taken to them at the time. A main function of an exception is to call the attention of the court pointedly to the error which it is thought has been committed, that he may have opportunity to reconsider it and correct it, and avoid miscarriage of justice or a new trial. United States v. U. S. Fidelity Co., 236 U. S. 512, 529, 35 S. Ct. 298, 59 L. Ed. 696. Exception timely taken to a charge or refusal to charge is indispensable to a review on appeal. Lindsay v. Burgess, 156 U. S. 208, 15 S. Ct. 208, 39 L. Ed. 399. State statutes and practices to the contrary make no difference. St. Clair v. United States, 154 U. S. 134, 14 S. Ct. 1002, 38 L. Ed. 936.

The complaint that the verdict was excessive was for the trial court alone on motion for a new trial. Refusal of the new trial is not ground for reversal on appeal. Lincoln v. Power, 151 U. S. 436, 14 S. Ct. 387, 38 L. Ed. 224; Waters-Pierce Co. v. Deselms, 212 U. S. 160, 29 S. Ct. 270, 53 L. Ed. 453.

Affirmed.