### BERGERON v. GOLDMAN.
#### No. 6758.

Circuit Court of Appeals, Fifth Circuit.
May 1, 1933.

918

Emmet Alpha, of New Orleans, La., for appellant.

Richard A. Dowling, of New Orleans, La., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, a dealer in furs, suspecting appellee of having overreached and swindled him, swore out a warrant against and caused appellee's arrest for willfully obtaining goods under false pretenses. Upon this warrant appellee was arrested and lodged in jail for two days until he could obtain bond. An indictment found against him was on motion quashed. Later put on trial upon an information filed by the district attorney, appellee was acquitted. He then filed this suit, alleging that "appellant had caused his arrest and prosecution without legal reason or justification without probable cause and in malice in an attempt to defame him." The case tried to a jury resulted in a verdict for plaintiff for $2,500. It is from the judgment on that verdict, reduced by remittitur to $1,000, that this appeal is prosecuted.

The record is devoid of exceptions, except one of no cause of action, leveled at a claim in the petition for "humiliation, embarrassment and injury to reputation, $25,000." Of assignments there are but two. One, to the overruling of the exception, the other a complaint against the verdict as "illegal" on the ground that, the record showing that the grand jury voted an indictment, and the district attorney filed an information, against appellee, probable cause for the arrest and prosecution was shown as matter of law.

Neither of these assignments has merit. The first runs counter to the settled rule of law that in an action for malicious prosecution a plaintiff is not confined in his recovery to the actual loss in dollars and cents he has suffered. In such cases nonpecuniary losses, such as injury to reputation, humiliation, and embarrassment, are often the chief items of recovery. 18 R. C. L., p. 73; Seaboard Oil Co. v. Cunningham (C. C. A.) 51 F.(2d) 321, 322. Upon the second assignment appellant is in no better case, because, not having requested that a verdict be directed, and having taken no exception to the action of the court in submitting the case to the jury, he cannot now complain of the verdict as unsupported by the evidence. Southern Transportation Co. v. Ashford (C. C. A.) 48 F.(2d) 191. Besides, there is nothing in the point itself. In Louisiana, as elsewhere, "whoever, without first ascertaining if a crime has been committed, causes the arrest of another acts at his peril." Pearson v. Great So. Lbr. Co., 134 La. 117, 63 So. 759, 760, L. R. A. 1916F, 1247; Hunter v. Laurent, 158 La. 874, 104 So. 747; Seaboard Oil Co. v. Cunningham (C. C. A.) 51 F.(2d) 321. In the trial of a case to a jury in a federal court it is the law that, though in a clear case on undisputed facts probable cause is a question of law for the court, where the evidence is such that reasonable men may draw a different conclusion from it, probable cause is a question for the jury. While, then, the fact that the defendant had advice of counsel in making the charge, and the fact that the grand jury and the public prosecutor followed the charge up by official action against the accused, are matters to be considered by the jury, they are not conclusive upon it. Where, as in this case, there has been a quashal of the indictment and an acquittal on the information, it is for the jury at last, considering these and the other matters in evidence, to say whether plaintiff did or did not make out a case. Seaboard Oil Co. v. Cunningham, supra. It found that he did; that finding we may not review. Southern Transportation Co. v. Ashford, supra.

We find no error in the judgment. It is affirmed.