**GLEGHORN v. KOONTZ.**

No. 12701.

United States Court of Appeals.
Fifth Circuit.

Dec. 7, 1949.

134

County, Texas, seeking damages for an alleged malicious prosecution.

The complaint avers that on May 5, 1947, defendant filed a criminal complaint against plaintiff, charging her with the theft of her own automobile; that he acted with malice and without probable cause in causing plaintiff's arrest, confinement, and criminal prosecution for said offense; and that the criminal proceeding brought against her by defendant resulted in her acquittal of the crime charged, after she had thereby suffered damages incident to her prosecution, and substantial injury to her health, reputation, and ability to earn a livelihood in her customary employment.

Defendant, in answer, (1) pleaded the general issue; (2) denied that the criminal charge against plaintiff was filed with malice and without probale cause; and (3) affirmatively alleged that in causing plaintiff's arrest and criminal prosecution, he was merely relying upon the advice of the Acting County Attorney of Baylor County, Texas, who commenced the prosecution after defendant had made a full and fair disclosure of all facts within his knowledge concerning the supposed theft.

The case was tried to a jury which returned a verdict for plaintiff in the amount of $4,000. A motion by defendant for a new trial was thereafter overruled.

Since the jury has already resolved the mainly contested issues of malice, want of probable cause, and the failure of defendant to make a full and fair disclosure in favor of the plaintiff, and adversely to the defendant, the main question presented for our review is whether there is substantial evidence in the record to support that finding.

The evidence reveals that plaintiff left her automobile in defendant's garage for repairs, and that on or about March 26, 1947, she removed her car without paying the repair bill thereon. Plaintiff testified that her action in this respect was justified by virtue of an agreement which she had with one of defendant's employees, Buck Rushing, that unless her automobile was in good running condition when received, she would not be liable for any repair bills

───────◆───────

Ernest F. Fruechte, Wichita Falls, Texas, Guy Rogers, Wichita Falls, Texas, for appellant.

Howard L. Martin, Wichita Falls, Texas, for appellee.

Before HOLMES, McCORD and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Vera Ann Koontz, a citizen of California, brought this action against W. G. Gleghorn, a citizen and resident of Baylor

tendered; that the repair work performed by defendant's employees was not only unsatisfactory but harmful and detrimental to her car, and that she accordingly refused to pay same; and that she never at any time had any conversation with defendant with reference to the repairs on her car being on a cash basis either before, during, or after the repairs were made, but dealt solely with his employees.[1] Plaintiff further testified that between the date she removed her car from defendant's garage and May 5, 1947, when defendant charged her with theft, she saw and spoke to defendant several times; that during this same period she worked each day at a cafe which was only three blocks from defendant's garage on the same street, and that she always left her car parked in front of the cafe while she was at work and in front of a nearby house at night; and that she never attempted to hide from defendant or conceal her car, but that it was always in plain view and conspicuous because it was the only car of its type in the small town where both she and the defendant lived.

It was further shown that plaintiff was arrested on May 5, 1947, in Vernon Texas, on the complaint for theft and a warrant issued thereunder authorized by the defendant; that after her arrest she was held over night in jail, and returned to Seymour, Texas, the next day, where she was released on bond. She was not indicted on the theft charge at two subsequent sessions of the Baylor County Grand Jury, but after filing her civil suit against defendant an indictment was returned against her for theft of her car. She was subsequently tried and acquitted of this charge by the district court of Baylor County, after having been put to considerable expense in the form of witness and attorney's fees incident to her defense in the criminal trial, as well as loss of work and embarrassment resulting from her prosecution.

Defendant testified that before plaintiff left her automobile in his garage for repairs he personally advised her that all repair charges would be payable on a strictly cash basis; that although he was absent from his garage when plaintiff took possession of her car, he was informed by his employees that plaintiff had taken fraudulent possession of the car after they had denied her the right to do so, and that she drove the car out of the garage without their consent while a statement of the charges due thereon was being prepared. Defendant further testified that he afterwards made many attempts to locate the car and contact plaintiff without success, and that he searched for her and the automobile a hundred times, both day and night. On cross-examination defendant admitted, however, that his garage was only a short distance away from the cafe where plaintiff worked daily, and that he knew where she worked and where she lived. Moreover, when asked by his own attorney why he had filed the theft charge against plaintiff, defendant stated, "I wanted my money".[2] On May 5, 1947, upon being informed that plaintiff was moving out of the county, defendant sought the advice of county officials as to the action he should take. In this connection, he testified that after fully acquainting the "Acting County Attorney"[3]

1. With reference to the alleged agreement concerning her responsibility for the repairs to her car, plaintiff testified that on the night she removed her car from defendant's garage his employee, Buck Rushing stated to her: "Mr. Gleghorn cursed me out because I let you take the car without paying the bill * * *".

2. It is without dispute that the total charges for the repairs made on plaintiff's car by defendant amounted to only $74.60, and that two days before plaintiff was charged with theft of her car one of defendant's employees, Rushing,

filed a civil suit against plaintiff to collect the above amount alleged to be due. Cf. Kleinsmith v. Hamlin, Tex.Civ.App., 60 S.W. 994, and Foster v. Bourgeois, Tex.Civ.App., 253 S.W. 880.

3. This "Acting County Attorney", so designated by appellant, was merely the civil law partner of the County Attorney of Baylor County, Texas. The latter testified that he did not have an assistant, and that no such office existed. The trial court, however, ruled that the attorney Dickson, upon whose advice and alleged status appellant supposedly relied, was a de facto county official.

with all the facts and circumstances within his knowledge concerning the theft charge against plaintiff he signed the theft complaint in reliance upon the attorney's advice, and instituted plaintiff's arrest and prosecution.

 We are of opinion there is substantial evidence from which the jury might reasonably have found that defendant instigated the arrest and criminal prosecution of plaintiff with malice and without probable cause. Good Holding Co. v. Boswell, 5 Cir., 173 F.2d 395, certiorari denied 70 S.Ct. 55; Seaboard Oil Co. v. Cunningham, 5 Cir., 51 F.2d 321; Bergeron v. Goldman, 5 Cir., 64 F.2d 917; Rust v. Page, Tex.Civ.App., 52 S.W.2d 937; Cf. Deaton v. Montgomery Ward & Co., Tex. Civ.App., 159 S.W.2d 969.

This court has recently held that in an action to recover damages for malicious prosecution where, as here, the evidence is in dispute, the existence or nonexistence of malice and want of probable cause are questions of fact for the jury, and that we are not empowered to invade its province to find the facts merely because reasonable men might draw different inferences and conclusions from all the testimony. Good Holding Co. v. Boswell, 5 Cir., 173 F.2d 395, certiorari denied 70 S.Ct. 55. Moreover, the advice of counsel is not available as a defense to such action unless the defendant is shown to have made a full and fair disclosure, in good faith, of all the facts known to him bearing upon the guilt or innocence of the accused, and upon which the criminal prosecution is sought to be based. Seaboard Oil Co. v. Cunningham, 5 Cir., 51 F.2d 321. There is abundant evidence here to warrant and sustain the jury's finding that defendant did not attempt to make a full and fair disclosure of all the facts within his knowledge concerning the supposed theft by plaintiff, regardless of whether the attorney

Dickson be considered as a de facto county attorney, or merely as defendant's private counsel.[4] Good Holding Co. v. Boswell, 5 Cir., 173 F.2d 395, certiorari denied, 70 S.Ct. 55; Seaboard Oil Co. v. Cunningham, 5 Cir., 51 F.2d 321; Bergeron v. Goldman, 5 Cir., 64 F.2d 917.

Viewed fully and fairly in its entirety, the charge of the trial court substantially preserved all material issues in the case for consideration of the jury, and no exception was taken to such charge. Good Holding Co. v. Boswell, 5 Cir., 173 F.2d 395, certiorari denied 70 S.Ct. 55; Rust v. Page, Tex. Civ.App., 52 S.W.2d 937; Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.

The complaint that the verdict is excessive is not borne out by the evidence. In any event, this objection was for the trial court on motion for a new trial, and in the absence of an abuse of discretion we may not now review his action in this regard. Southern Transp. Co. v. Ashford, 5 Cir., 48 F.2d 191.

There appearing no reversible error in the record, the judgment is accordingly

Affirmed.

---

4. Since it appears without dispute that there is no office of assistant county attorney in Baylor County, Texas, it is doubtful that Dickson could have been a de facto officer. See Gray v. Ingleside Ind. School Dist., Tex.Civ.App., 220 S.W. 350; Crawford v. Saunders, 9 Tex.Civ.

App. 225, 29 S.W. 102. However, even accepting this view of the case, and the one most favorable to appellant, it would not affect the result here, in view of the evidence in support of the jury finding that there was no full and fair disclosure.