GERTRUDE LEONARD p. a. *vs.* HARRY BARTLE.

JANUARY 26, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows. JJ.

(1) *Degrees of Negligence.*
In this State the doctrine of degrees of negligence has never been adopted. The test of liability for negligence is the measure of defendant's duty in the circumstances of the particular case.

(2) *Negligence. Degrees. Automobiles.*
The duty of the driver in the operation of an automobile in this State is regulated by statute, which provided at the time of the accident that no person should operate a motor vehicle on a public highway recklessly or at a rate of speed greater than is reasonable and proper having regard to prevailing conditions, or so as to endanger property or the life or limb *of any person*, or in any event when the territory contiguous to the highway is closely built up, faster than fifteen miles an hour or elsewhere faster than twenty-five miles an hour.
*Held*, that the statute required the same duty of care of a guest or passenger in the operation of the car and the rate of speed as of a person outside the

car; the fact that the conveyance is free does not change or lessen the duty of the exercise of ordinary care by the operator.

*Held*, further, that the propriety of the rate of speed at a certain time and place is to be determined by the circumstances and if the rate of speed is in excess of the maximum statutory limit, such fast driving is evidence of negligence.

TRESPASS ON THE CASE FOR NEGLIGENCE. Heard on exceptions of defendant and overruled.

STEARNS, J. The action is trespass on the case for negligence. Plaintiff had a verdict and the case is in this court on defendant's bill of exceptions.

Defendant is charged with recklessly operating and driving his automobile on a public highway at an excessive and improper speed, thereby causing personal injury to plaintiff, a guest and free passenger in defendant's car.

Plaintiff, who is eighteen years of age, and a young woman friend went to a public dance at Crescent Park on the evening of May 24, 1924. There they danced with two young men friends, Johnson and Feeley. About eleven o'clock, at the suggestion of Johnson, the girls got into defendant's automobile. Defendant was sitting in his automobile waiting for the two young men who had come with him to the dance. The girls sat on the laps of the young men, as plaintiff says by direction of defendant. The latter says that such direction was not given by him; that it was unnecessary, as they were all friends and had driven in this manner before and this was the only way all could get into the car, which was a small closed car with one seat. The night was dark and it was raining hard. Defendant drove the automobile. The plan was to take the girls to Pawtucket, where they could get a train for their home in Woonsocket. At the junction of the Barrington Parkway, defendant turned into and started to drive through the parkway. The road was unlighted and rough from lack of repair. The young women testify that several times they complained to defendant that he was driving too fast; that he paid no attention to their protests, but increased the speed, which at the

time of the accident was about forty miles an hour; that soon after entering the parkway defendant lost control of the automobile, which then ran from the right side of the highway across to the left onto an embankment outside the highway and up against a tree where it stopped. A window glass was broken and plaintiff's hand was injured by the broken glass. Defendant denies driving too fast. He and Johnson testify that the speed was not over twenty-five miles an hour; that there was a front tire blowout; owing to the crowd in the automobile, defendant says he was unable to stop until the automobile hit the tree. Feeley was out of the State and did not appear as a witness.

The trial justice charged the jury, that plaintiff was riding in defendant's automobile by his invitation; that if the accident was caused by the overcrowding of the car, or by fast driving and there was no remonstrance by plaintiff, she could not recover, as by failing to object she would be held to have consented to the manner of operation; that if the defendant was driving too fast under the conditions, the question was whether the accident was caused by defendant's lack of due care; that is, was he conducting himself as a person of ordinary prudence would under similar circumstances. Plaintiff excepted to that part of the charge in regard to the crowded condition of the car and the duty to protest the rate of speed, but these questions are not now before us. Defendant took no exception to the charge as given by the justice, but did except to the refusal of his request to charge the jury that if they found that plaintiff was a guest of defendant and not a passenger for hire, she could recover damages only if the jury found that defendant was guilty of gross negligence in the operation of his car.

The only question is, was this refusal to charge erroneous? As the request to charge contained no explanation of the legal meaning of "gross negligence" a definition of that phrase must be looked for in the common law as there is no statutory definition. The situation in common law is thus summarized in 29 Cyc. p. 422 (with citation of cases): "In

some jurisdictions the civil law division of degrees of negligence is recognized, but in the great majority of jurisdictions, it is not." In this State the doctrine of degrees of negligence has never been adopted. In the case of bailment of goods, the amount of care required in different kinds of bailment in some jurisdictions is made the basis for the establishment of degrees of negligence generally. But in this State the obligation of the bailee has been considered with reference to the duty rather than to the characterization of the breach of duty as slight, ordinary, or gross negligence.

In *Remington* v. *Sheldon*, 10 R. I. 218 and in *Nichols* v. *DeWolf*, 1 R. I. 277, the duty of a carrier of goods for hire or under special contract is to use usual and ordinary care, such care as prudent men ordinarily take in their own business. In *Judge* v. *N. E. Light Co.*, 21 R. I. 128, the duty of an employee in an action against his employer is to exercise such care as is commensurate to the danger to which he is exposed by his employment. In *Boss* v. *Prov. & Worcester R. R. Co.*, 15 R. I. 149, the duty of a common carrier of passengers is to exercise the utmost care and skill which prudent men would use under similar circumstances. In *Beerman* v. *Union R. R. Co.*, 24 R. I. 275, it was held that a person crossing a street railway track, which is a place of danger, must exercise ordinary care for his own safety (p. 280): "Ordinary care is such care as a person of ordinary prudence exercises under the circumstances of the danger to be apprehended. The greater the danger the higher the degree of care required to constitute ordinary care, the absence of which is negligence. It is a question of degree only. The kind of care is precisely the same." In *Glavin* v. *R. I. Hospital*, 12 R. I. 411, it was held that defendant, a private charitable corporation, was liable for the negligence or incompetency of one of the attendant surgeons if the hospital failed to exercise reasonable care in selecting such surgeon, notwithstanding that the surgical attendance to plaintiff, a patient, was free and the surgeon was not paid

by the hospital. See also *Basabo* v. *Salvation Army Inc.*, 35 R. I. 22.

The liability of such a hospital for negligence was later limited by statute (G. L. 1909, C. 213, s. 38 now G. L. 1923, C. 248, s. 95). The test of liability for negligence, as thus appears, is the measure of defendant's duty in the circumstances of the particular case. Whether the duty is to exercise ordinary care or, as in the case of the common carrier of passengers, the utmost care, although the measure of the duty, the amount of care required, differs according to the particular circumstances, the breach of the duty in each case is negligence which is not divisible into different grades. The application of the other rule does not seem to simplify the question; as, for instance, in Wisconsin (*O'Shea* v. *LaVoy*, reported in 20 A. L. R. 1008, with note on cases) it is held that gross negligence as understood in Massachusetts (see *Massaletti* v. *Fitzroy*, 228 Mass. 487) comprehends a lesser degree of negligence than is included within the Wisconsin definition. The duty of the driver in the operation of an automobile in this State is regulated by statute. (2) The operator must have a license to drive and the motor vehicle must be registered, if the public highways are used. General Laws 1923, Chapter 98, section 16, the law in effect at the time (later amended by P. L. 1926, C. 777) provided that no person shall operate a motor vehicle on a public highway recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger property or the life or limb of any person, or in any event when the territory contiguous to the highway is closely built up, faster than fifteen miles an hour or elsewhere faster than twenty-five miles an hour. Section 27 provides a penalty of fine or imprisonment, or both fine and imprisonment, for any violation of section 16. This statutory duty is stated in broad terms. The prohibition of reckless driving is to prevent injury to "any person". The statute requires the same duty of care of a guest or passenger in the operation

of the car and the rate of speed as of a person outside the automobile; the fact that the conveyance, as in this case, was free, does not change or lessen the duty of the exercise of ordinary care by the operator. A traveler on the highway, in the absence of knowledge to the contrary, properly may assume that another person using the highway will obey the law, *Oates* v. *Union R. R. Co.*, 27 R. I. 499; and a guest or passenger in an automobile may reasonably rely upon the same presumption and assume that the operator will not voluntarily and improperly increase the common risks of travel by automobile. The duty owed to a guest and a free passenger is ordinary care. The propriety of the rate of speed at a certain time and place is to be determined by the circumstances; if the rate of speed is in excess of the maximum statutory limit, such fast driving is evidence of negligence. *Coughlin* v. *R. I. Co.*, 44 R. I. 64. The request to charge was properly denied and defendant's exception is overruled.

Other exceptions have been waived.

The case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*John R. Higgins*, for plaintiff.

*Joseph T. Witherow*, for defendant.