ROSE GRIMLEY vs. UNITED ELECTRIC RAILWAYS COMPANY.
LEO GRIMLEY vs. SAME.

FEBRUARY 18, 1939.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

BAKER, J. These two actions of trespass on the case for negligence were tried together in the superior court. The plaintiffs are husband and wife. The latter is suing to recover damages for personal injuries which she alleges she suffered by reason of a collision between a bus operated by the defendant and an automobile owned and operated by a third person. The husband's action is brought to recover certain expenses which he was put to because of the injuries to his wife.

At the trial in the superior court the jury returned a verdict for the plaintiff Rose in the sum of $1800 and for the plaintiff Leo in the sum of $185. The defendant filed a motion for a new trial in each case. The trial justice denied the motion in the husband's case, and in the wife's case granted the motion for a new trial unless she remitted all of her verdict in excess of $1560, otherwise the motion was denied. Such remittitur was filed by her. The defendant thereupon duly prosecuted a bill of exceptions to this court in each case.

From the evidence it appears that on the afternoon of June 19, 1936 the plaintiff Rose was a passenger on a bus operated by the defendant company. She entered this bus at the corner of Prairie avenue and Dudley street in Providence in order to ride to the center of the city. The weather

was pleasant and the streets dry. She sat on the right side of the bus, in the direction in which it was traveling, and on a seat extending lengthwise of the bus, her back being against the side of the vehicle. The bus thereafter proceeded in a generally northerly direction along Beacon avenue to a point where that highway crosses at approximately right angles Lockwood street, which there runs easterly and westerly.

As the bus was near the middle of this intersection it was struck on its right side, just forward of its center and near the place where the plaintiff Rose was seated, by an automobile which was owned by The Taft-Peirce Manufacturing Company and which was traveling in a westerly direction along Lockwood street. The plaintiff Rose was not thrown from her seat by the collision, but later complained of injuries to her right arm, head, lower back and resulting complications.

The defendant first contends that the trial justice should have granted its motion for a directed verdict in each case. We are of the opinion, however, that the action of the trial justice in denying such motions was without error. The defendant argues that the evidence shows without contradiction that the defendant's bus reached the intersection ahead of the automobile involved herein, and that the accident which occurred was due entirely to the negligence of the operator of the automobile in driving that vehicle with great speed into the side of the bus. The defendant then maintains that, under such circumstances, the driver of its bus had the right to assume that the operator of the automobile would have it under control, and would observe the rules of the road and that defendant's driver need not anticipate that such operator would drive ahead without regard to the presence of the bus upon the highway at the intersection. In support of this proposition of law, the defendant cites *Champagne* v. *General Baking Co.*, 136 A. 839 (R. I.)

In this connection, however, it may be observed that the defendant has not presented a full and complete statement of the law applicable to such a situation. If defendant's driver received notice that the operator of the automobile, by his conduct and manner of operation, was not going to obey the rules of the road in the interest of common safety, and that danger was imminent, it is settled that defendant's driver would have no right to rely entirely upon the assumption just above mentioned, but would then be called upon to exercise the care which an ordinarily prudent person would exercise under like conditions. *Andrews* v. *Penna Charcoal Co.*, 55 R. I. 215.

In our judgment, the evidence in the instant cases presented at least two questions of fact for the jury to pass upon in connection with the issue of whether or not the driver of defendant's bus was guilty of any negligence which contributed to the accident. These two questions relate, first, to the speed of the bus as it approached and crossed the intersection in question; and second, to the amount of attention given by the bus driver to the automobile approaching from his right, and the correctness of his judgment in proceeding, as the two vehicles neared each other, in view of all the facts and circumstances then existing, particularly in relation to the matter of notice of impending danger.

On a defendant's motion that a verdict be directed in its favor all reasonable inferences favorable to the plaintiff must be drawn from the evidence and such a verdict should not be directed if, on any reasonable view of the evidence, the plaintiff is entitled to recover. This rule is so well established that citation of authority for its support is unnecessary. In the instant cases such rule was properly applied by the trial justice, and the defendant's exception in each case to his refusal to direct a verdict in its favor is overruled.

The defendant also has an exception in each case to the refusal of the trial justice to grant its motion for a new trial

based on the usual grounds. As bearing on the matter of the defendant's liability, the only question involved was whether or not the operator of the defendant's bus was guilty of any negligence which contributed to the accident, having in mind the nature of the duty owed by the defendant to the plaintiff Rose, who, at that time, was its passenger. No question of her negligence was involved under the facts and circumstances appearing herein.

Aside from any question of the speed at which the bus was being operated just prior to and at the time of the accident, it appears from the evidence that the bus proceeded upgrade along Beacon avenue to the intersection of that highway with Lockwood street, where the grade ceased and the roadway became level. The driver of the bus testified in substance that when the front of that vehicle was still in Beacon avenue some little distance south of the southerly curbline on Lockwood street, he could see to his right 500 feet easterly down Lockwood street past the house which was located at the southeasterly corner of the intersection, and that he then saw the automobile which later collided with the bus coming up that street approximately that distance east of the intersection. He further testified that the bus then proceeded slowly in a northerly direction, and as its front was about to pass the southerly curbline of Lockwood street and enter the intersection, he again looked toward his right and saw the automobile in question proceeding rapidly toward the bus and about 250 feet away. Two of defendant's witnesses, who were standing on the southwesterly corner of the intersection, testified that the automobile at this last-mentioned time was from 150 to 200 feet east of the inter-section, and was being driven with great speed toward the intersection.

According to his own testimony, defendant's driver continued driving the bus at a slightly increased speed out into Lockwood street, which was thirty feet wide between curbs, and when the front of the bus was just passing the center

of the intersection he looked for the third time to his right and saw the automobile approximately 80 feet away coming toward him at a high rate of speed, and then also noticed that the operator of the automobile appeared to be talking to another occupant thereof, and to have failed to notice the bus. The defendant's driver testified that he then sounded his horn and turned the bus somewhat toward his left, but that the collision followed almost immediately.

The principles of law to be applied in cases involving collisions at street intersections have been fully discussed recently in the case of *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.,* 58 R. I. 451. It may be noted that, from his own testimony, the driver of defendant's bus knew that the automobile had traveled in the neighborhood of 250 feet while the bus was moving the comparatively short distance from the front of the house at the southeasterly corner of the intersection to or just past the southerly curbline of Lockwood street, and that when he entered the intersection the automobile was approaching from his right at considerable speed. Further, the two defendant's witnesses, who stood on the sidewalk at the southwesterly corner of the intersection, testified positively that it was apparent to them as soon as the bus began to enter the intersection that an accident was about to take place. The plaintiffs argue with considerable force that if the situation was so plain to these witnesses it must or should also have been obvious to the bus driver. The testimony showed that if the bus was moving slowly, which was defendant's contention, it could be stopped almost at once.

Thus, under the facts and circumstances disclosed by the evidence in the present cases, it clearly was for the jury to decide, after they had weighed the evidence and passed upon the credibility of the witnesses, whether or not the defendant's driver was guilty of negligence contributing to the accident when he drove his bus from a place of safety into a place of potential danger, that is, from Beacon avenue out into the intersection, or at any time thereafter.

The jury, by its verdict, decided, on conflicting evidence, that the driver of defendant's bus was guilty of such negligence, and that verdict has been approved by the trial justice in a comprehensive rescript. Such a finding by a trial justice, who has had the opportunity of seeing and hearing the witnesses as they testified, will not be disturbed by us unless, upon our examination of the evidence, we are of the opinion that such finding is clearly wrong, or that the trial justice misconceived or overlooked evidence in the case. Assuming, as the parties herein apparently did, that the operator of the automobile was guilty of negligence which contributed to the accident, our examination of the evidence in the instant cases leads us to the conclusion that the trial justice was not clearly wrong in sustaining the finding of the jury that the defendant's bus driver was also guilty of negligence contributing to such accident. It is, therefore, our opinion that the decision of the trial justice in each case denying the defendant's motion for a new trial on the question of liability was without error.

The defendant makes no contention regarding the amount of damages awarded by the jury in the husband's case, but in the wife's case the defendant maintains that the verdict, even as reduced by the remittitur, is still excessive and, therefore, that its exception to the refusal of the trial justice to grant it a new trial should be sustained unless such verdict is further reduced. The evidence in the instant cases showed that suits, growing out of the accident in question, brought by these plaintiffs against the Taft-Peirce manufacturing company were settled by a payment to them of $1250, of which sum the wife received $900 on account of her injuries. The trial justice, in her case against the present defendant, in the exercise of his considered judgment, reduced the jury's verdict from $1800 to $1560, on the defendant's motion for a new trial, as a result of which reduction the wife's total recovery for her injuries amounted to $2460.

In the cases now before us the defendant introduced no medical testimony. We have considered the evidence bearing on this issue and do not find that the award of damages to the wife, as reduced by the remittitur, is excessive. Although it appeared at the time of the accident that the plaintiff Rose had not been injured, she was obliged to consult a doctor the following day. The evidence showed that, while she suffered in other respects, the injury to her back was the most serious and lasting. She was in bed for about a month, and required the services of a nurse for five weeks. Her doctor called a second physician in consultation and thereafter she spent three days in a hospital. She was confined to her home for between four and five months and at the time of the trial, about a year and a half after the accident, was still suffering discomfort from the back injury and was wearing a support therefor. In view of all the facts and circumstances appearing in evidence herein, we are of the opinion that the defendant's exceptions to the refusal of the trial justice to grant its motion for a new trial in each case should be overruled.

The defendant has pressed two exceptions taken to rulings of the trial justice sustaining objections of the plaintiffs to two questions asked by the defendant of a physician offered by the plaintiffs as a witness. These questions bore upon the issue of whether or not such witness might have any interest or bias favorable to the plaintiffs, thereby possibly affecting his credibility. We have examined these two exceptions and find them to be without merit. In the first instance the question objected to was answered and the answer was not struck from the record. In the second instance the question was merely an amplification of the question which had already been answered. In our opinion the ruling of the trial justice sustaining the plaintiff's objection to this question did not constitute error prejudicial to the defendant. These two exceptions are overruled.

All of the defendant's exceptions in each case are overruled and Ex. &c. No. 8057 is remitted to the superior court for the entry of judgment for the plaintiff on the verdict as reduced by the remittitur, and Ex. &c. No. 8058 is remitted to the superior court for the entry of judgment for the plaintiff on the verdict.

*Rosenfeld & Hagan, John G. Murphy,* for plaintiffs.
*Clifford Whipple, Earl A. Sweeney,* for defendant.