**SCRITCHFIELD v. KENNEDY.**
No. 1739.

Circuit Court of Appeals, Tenth Circuit.
April 10, 1939.

468

John Ladner, of Tulsa, Okl. (H. G. Mc-Keever, of Enid, Okl., and Ladner & Livingston, of Tulsa, Okl., on the brief), for appellant.

Ned Looney, of Oklahoma City, Okl. (Edgar Fenton, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

The parties will be referred to in the order in which they appeared in the trial court, the appellant as plaintiff, and defendant as appellee.

Plaintiff (appellant) instituted this action against defendant (appellee) for damages occasioned to her by two automobiles colliding, she being a passenger for hire in the automobile driven by Newton W. Young, in collision with an automobile driven by defendant (appellee). Mrs. Minnie Cassel was also a passenger for hire in the Young automobile, which was a Ford sedan.

Young and his passengers, between 9 and 10 o'clock in the forenoon of November 29, 1936, left Fort Worth, Texas, en route to Tulsa, Oklahoma, intending to travel by Highway 77 north through Oklahoma City, Oklahoma. They stopped for lunch about 10 or 15 miles south of Wynnewood, Oklahoma, between 12 and 1 o'clock P. M., after which they continued on northward on said highway to about two miles south of Wynnewood, at a point 144 miles from Fort Worth and 163 miles from Enid, Oklahoma.

Whilst so driving, Young pulled over to the left side of the road to see if there was clearance to pass five or six cars traveling immediately ahead of him. At that time a car traveling in his rear pulled up on Young's right, cutting in ahead of him, but to the left of the said five or six cars traveling ahead on the right side of the road. About that time Young noticed the defendant coming southward over the top of a rise about 1,500 feet away, but was prevented from getting back on the right side of the road on account of the opening which he had vacated being filled. The defendant pulled out to his right on the shoulder of the road to avoid strik-ing the car that cut in ahead of Young, and Young also pulled over to the left shoulder of the road, being the shoulder on the same side upon which defendant pulled out.

Defendant's and the Young car then collided. Four witnesses for plaintiff testified that defendant was traveling at a speed of 70 to 80 miles per hour. One witness for defendant estimated the speed of defendant's car from 50 to 55 miles per hour and another witness at from 40 to 45 miles per hour.

From a verdict and judgment for defendant the plaintiff appealed.

The court instructed the jury in part as follows:

"There are certain principles of law, so far as the highway is concerned, which are very definite. Under the statutes of Oklahoma regulating highway traffic, a person has a right to the right side of the highway. By that I mean, if he is going north, he has the absolute right to the right side or east side of that highway. If he is going south he has the absolute right to the right side or west side of the highway, subject to such exceptions as I shall state. One driving an automobile on the highway has the right to turn to his left in order to pass a car in front of him, by giving the proper signal, provided there are no cars approaching him from the opposite direction on the left side of the road, which would interfere with his occupancy of the road. However, one driving an automobile from the opposite direction has the undisputed right to his portion of the road and his occupancy of that portion of the road cannot be interfered with by one going in the opposite direction on the other side of the road.

"If you find from the evidence in this case, that the driver of the Young car, traveling north upon the highway near the point of the accident in this case, attempted to pass the cars in front of him by turning to his left, crossing the center line of the highway, and his occupancy of said highway, either on the highway itself or on the shoulder west of the center line of the highway, interfered with the use of the highway or shoulder by the Kennedy car coming south, then said act on the part of the driver of the Young car would constitute negligence.

" * * * if this defendant, driving his car from the north, saw another car im-

mediately in front of him and on his side of the highway, that is west of the center line of the highway, and in order to pass said car it was necessary for him to drive upon the west shoulder of said highway, and in doing so if he believed, or under the circumstances had the right to believe that the driver of the Young car would follow the automobile immediately in front of the Young car, the defendant ran into the Young car, then said act of Kennedy would not constitute negligence. By that I mean if Kennedy was on the right side of the road where he had a right to be, and if there was a car immediately in front of him, approaching him, and there were cars on the east side of the highway approaching him, and it was necessary for him to get off the highway, and if he went off on this shoulder he had a right to do that, and neither of these other cars had a right to obstruct his passage in a southerly direction.

"Before you can find for the plaintiff in this case, you must find that the defendant was negligent, that is, that he did something which an ordinarily prudent person would not have done under the same or similar circumstances, and if you find that, in attempting to pass those cars occupying his portion of the highway, he did what an ordinarily prudent person would have done under the same or similar circumstances, then the plaintiff cannot recover.

"Of course, if you find the defendant wantonly and intentionally drove his car into the car in which the plaintiff was riding, that would be negligence and you must find for the plaintiff. * * *

" * * * negligence is the doing of something which an ordinarily prudent person would not have done under the same or similar circumstances, or negligence may consist of the failure to do what an ordinarily prudent person would have done under the same or similar circumstances.

" * * * one of the grounds of negligence alleged in plaintiff's petition is that the defendant was operating his automobile just prior to and at the time of the collision at an excessive rate of speed. You are instructed that the law of this state does not fix a speed limit, but provides that persons operating automobiles upon the public highway shall drive the same at a careful and prudent rate of speed, not more nor less than is reasonable and proper, having due regard for traffic, sur-

face and width of the highway and the other conditions then existing.

" * * * when the driver of the motor vehicle is proceeding along a public highway in the exercise of due care under the existing circumstances, and is suddenly met with an emergency, which would naturally overpower the judgment of a reasonably prudent driver, and such driver uses in the emergency such care as a reasonably careful driver would use under the unusual circumstances to avoid an accident, such driver is not guilty of negligence. If you find, therefore, from the evidence that such an emergency did arise in this case, and that in the emergency the defendant used such care as a reasonably prudent driver would under the circumstances to avoid the collision, your verdict should be for the defendant.

" * * * however, that the negligence of Young, * * * cannot be imputed to the passengers in the Young car and the passengers in said car would not be held responsible for the acts of the driver. By that I mean merely because Young was negligent, would not make the passengers in the car negligent.

" * * * the rate of speed at which an automobile travels may or may not constitute negligence and the question of whether or not the speed of a car constitutes negligence is to be determined from all of the circumstances surrounding the case. In any event, even though you find that the defendant was driving at an excessive rate of speed, and that that rate of speed constitutes negligence on the part of the defendant, before you can find for the plaintiff you must find that this act of negligence, that is, this excessive rate of speed, if you find it to be negligence, was the proximate cause of the accident. By that I mean, although you find that the defendant was driving at a high rate of speed and that he was negligent, if you find that he was driving where he had a right to be, and on his own side of the road, and that if he believed or had a right to believe, under this evidence, that the car in which the plaintiff was riding, would not be on the shoulder of the highway at the time he was passing said point where the accident occurred, then the rate of speed would not constitute the proximate cause of the accident.

" * * * the term, 'proximate cause', as used in these instructions, and as ap-

plied to this case; means that efficient cause, which unassisted by any intervening cause, produces the injuries complained of. However, an act to be the proximate cause of an injury does not necessarily have to be the sole cause, and in this connection you are instructed that in this case if the negligence of the defendant and the negligence of the driver of the Young car concurred to produce the plaintiff's injury, if any, so that it would not have happened in the absence of either, then the negligence of the defendant would be the proximate cause of the injuries, if any, plaintiff received at the time of the collision. * * *

"* * * if you find by a preponderance of the evidence that the driver of the Young car and the defendant were each guilty of negligence at the time of the collision and that such negligence of the driver of the Young car and of the defendant, concurred and was the proximate cause of the plaintiff's injuries, and that such collision and injuries would not have happened in the absence of the negligence of the defendant, then your verdict should be for the plaintiff and against the defendant, even though you may find that the negligence of the driver of the Young car was as great or greater than the negligence of the defendant. * * *"

The instructions as to a person traveling on his right side of the road are based on Section 10327, Okla.Stat.1931, Vol. 2, page 478, and Sec. 10335, infra, 69 Okl. St.Ann. §§ 583, 581, as follows:

"1. Vehicles in meeting each other shall keep to the right of the center of the road."

"2. All vehicles overtaking others, shall, in passing, keep to the left of the center of the road and shall not pull over to the right until entirely clear of the vehicle passed."

"6. All motor vehicles before passing other vehicles from the rear shall give notice of approach by a horn or other signal before passing; provided, that said vehicle shall be required when signaled to turn to one side and give half the road." * * *

And said Section 10335, Okla.Stat.1931, Vol. 2, page 480, as follows: "Whenever any persons shall meet each other on any bridge or road, traveling with carriages, wagons, sleds, sleighs or other vehicle, each shall pass to the right of the middle of the travelled part of such bridge or road, so that the respective carriages or other

vehicle aforesaid may pass each other without interference."

The instruction with respect to speed is predicated on Section 10323, Okla.Stat. 1931, Vol. 2, page 477, as amended by Session Laws 1933, Ch. 113, Section 14, page 240, approved April 10, 1933, Section 92, Titles 47–57, Okl.St.Ann., page 55, being as follows: "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. Provided, no motor bus or other motor vehicle transporting passengers for hire shall be driven upon any public highway of this state at a rate of speed in excess of forty-five (45) miles per hour. * * *"

The instruction with respect to defendant having the right of way on the right side of the road is in effect qualified in the instructions where the court in substance told the jury that in the event defendant was negligent and same was the proximate cause of the injury, notwithstanding the right of way which the rules of the road in effect afforded him, he would be liable. Skaggs v. Gypsy Oil Co., 169 Okl. 209, 36 P.2d 865; Townsend v. Cotten, 180 Okl. 128, 68 P.2d 790; Wilson v. Roach, 101 Okl. 30, 222 P. 1000.

In Leonard v. Bartle, 48 R.I. 101, 135 A. 853, 855, it is said: "A traveler on the highway, in the absence of knowledge to the contrary, properly may assume that another person using the highway will obey the law (Oates v. Union R. R. Co., 27 R. I. 499, 63 A. 675), and a guest or passenger in an automobile may reasonably rely upon the same presumption and assume that the operator will not voluntarily and improperly increase the common risks of travel by automobile. * * * The propriety of the rate of speed at a certain time and place is to be determined by the circumstances. * * *"

In Andrews v. Penna Charcoal Co., 55 R.I. 215, 179 A. 696, 699, it is said: "In the absence of notice to the contrary, the driver of a motor vehicle has a right to assume that these rules for the common safety will be obeyed."

The record is silent as to whether Young in turning to the left gave "notice of approach by horn or other signal."

█ Kennedy, in coming from the north on the right side of the center line, on seeing the two cars, to-wit, Young's and the car which in passing to the north had come between the line of cars on the right and the Young car on the left, had a right to assume that they would observe the law and the rules of the road.

█ If Kennedy had received notice that the operator of the automobile by his conduct and manner of operation was not going to obey the rules of the road in the interest of common safety, it being apparent that danger was imminent, then he would not have a right to rely entirely upon said assumption but would be called upon to exercise the care which an ordinarily prudent person would exercise under like conditions. Grimley v. United Electric Rys. Co., R.I., 4 A.2d 373; Larkey v. Church, 79 Okl. 202, 192 P. 569; Oklahoma City v. Wilcoxson, 173 Okl. 433, 48 P.2d 1039; Skaggs v. Gypsy Oil Co., supra; Townsend v. Cotten, supra; Chicago, R. I. & P. R. Co. v. Nagle, 55 Okl. 235, 154 P. 667; Brown v. Walter, 2 Cir., 62 F.2d 798.

As to the second assignment of error, termed by the plaintiff "Proposition 2," the only exception made relative to such matter was that plaintiff excepts to the instruction of the court with reference to the turning out of line by the driver Young, and further excepts on the ground that it should have contained an instruction to the effect that Young was in a position where he had a right to be in turning to the left, and had a right to measure the distance ahead of him where the Kennedy car was first seen, and had a right to be on the left hand side of the road if there was sufficient distance for Kennedy to have slacked his car so he would not run into either one of the cars.

The court, when said exception was made, stated to the jury: " * * * at no time did Young have a right to be on the left side of the center of the highway except the highway on that side was clear, and that he had a free opportunity to go around the cars which he was seeking to pass, and that whenever he went on the left side he was negligent at all times unless there was a clear way for him to get ahead of the cars immediately in front of him, and that he had no right at any time to occupy that highway so the car approaching from the north could not get by, * * *"

In Aydelotte et al. v. Saunders, 182 Okl. 226, 77 P.2d 50, where the peril of one, who had been placed in such condition by circumstances over which he had no control, is discovered by another, whose acts may injure him, in time to avoid injury by use of ordinary care, such care not being exercised, such party causing injury is liable.

In that case the action was for death of guest in automobile, which was struck by truck coming from opposite direction, when driver of automobile, to avoid striking another passing automobile, cutting in front of him, turned diagonally across highway to the left in an attempt to drive on shoulder of highway, whether speed of truck or failure of truck driver to exercise ordinary care after discovery of such peril was the proximate cause of the accident was held to be for determination of the jury.

In Miller v. Dobbs, 180 Okl. 576, 71 P. 2d 737, construing Section 14, Chapter 113, S.L.Oklahoma 1933, 47 Okl.St.Ann. § 92, an accident occurring in the night time was involved and whether the automobile could have been stopped within the driver's assured clear distance ahead had no application.

It is insisted that the court in the summation misstated some of the evidence, singling out without reason for favorable comment evidence of some of defendant's witnesses, and unfavorable inference as to evidence of witnesses of plaintiff, and further that it was argumentative, rendering it not an impartial summation.

█ The trial judge is not limited to abstract instructions. It is within his province, whenever he reasonably thinks it to be necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of same which he thinks important; and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted for their determination. Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321. See, also, Weiderman v. United States, 8 Cir., 10 F.2d 745.

The only reference to any request or exception in connection with such questions raised as to the comments by the trial judge on the weight of the evidence was as to the evidence of the witness, Condriff, for defendant, and further, as to that of the plaintiff, Mrs. Scritchfield, Mrs. Cassel, Young, Doverspike and Price, as to the rate of speed, which is as follows: "* * * excepts to the instruction * * * with relation to comment * * * on the evidence of the witness Condriff * * * further exceptions * * * with relation to the comment * * * on the testimony of the witnesses * * * (Scritchfield), Mrs. Cassel and Mr. Young, and with reference to the rate of speed being each the same, and lack of comment on the rate of speed as given by other witnesses, Doverspike and Price."

. The court immediately stated: "In that connection, gentlemen of the jury, your attention was called to the fact the testimony of Doverspike and Price, two other witnesses for the plaintiff, was substantially the same as that of Mrs. Scritchfield (plaintiff) and Mrs. Cassel and Mr. Young."

The statement of the court then and there made is sustained by the record.

The argument of counsel as to the evidence of defendant's witness Condriff is not incorporated in the record, but it is apparent from statements of the court that plaintiff's attorney, in argument made to the jury, had been extremely critical and had stated he did not believe his evidence. The court in effect stated to the jury that Condriff's evidence was not inherently improbable, that he apparently was a disinterested witness, and that defendant had a right to bear his reasonable expense from California that he as a witness might be present before the court.

An attorney for plaintiff stated further by way of an exception that "then I believe I am through, namely, that we believe the comment on the evidence at times goes just a little beyond comment and expresses somewhat the opinion of the court."

The court at the close of all instructions admonished the jury as follows: "In this connection, the court has called your attention to the evidence in this case for the reason it is exceedingly conflicting. The court does not advise you, nor does it desire that you follow the court's interpretation of this evidence in any way. That is for you to determine. The mere fact that the court tells you what he thinks about certain testimony, and I think the court has as much right to know when testimony is conflicting and the reasons for it as an ordinary juror would, but the court is not asking you gentlemen to accept this interpretation of this evidence in any way, shape or form. That is merely the judgment of the court, and you are absolutely free to exercise your own judgment in passing upon the weight and credibility of this testimony. * * * * "

The attention of the court by plaintiff was in no respect specifically directed to any alleged mistake in statement as to the issues or the evidence. No additional instructions relative thereto or specific suggestions for corrections except as may be herein set out as to such summation were made. Plaintiff's exception "to the instructions of the court, and to each and every instruction of the court, except those submitted by counsel for the plaintiff and which were given," is too general and not sufficiently specific as to be available here on review.

The instruction of the court covering the summation and comments as to the evidence are set out in footnote 1.

---

1 "The testimony of the plaintiff, Mrs. Scritchfield, Mrs. Cassel, Mr. Young, Mr. Doverspike and Mr. Price was that he was going between seventy and eighty miles an hour. In determining the weight and credibility you will give to this testimony, you may take into consideration the fact that Mrs. Scritchfield is the plaintiff in this case, and that she is vitally interested in the verdict you will render. You can take into consideration the fact that Mrs. Cassel also has a suit pending in the state court in this county against this defendant and that she is interested. You may take into consideration the fact that Mr. Young has a suit pending. Is there anything strange that the testimony of all these witnesses as to the rate of speed that this defendant is alleged to have been going is exactly the same? I merely call it to your attention for your consideration.

"Now I assume each of you gentlemen drive automobiles. If you see a car approaching you from a quarter of a mile to 1500 feet away, could you determine within ten miles or five miles, the exact rate of speed it was going? A jury is bound by the evidence in the case, and by the law as given you by the court, but

Nowhere does the court say that he does not believe the testimony or any part thereof as to any witness, or express an opinion as to which party should prevail. All exceptions properly reserved have been referred to herein.

Where errors are assigned to portions of the charge and no exceptions reserved thereto, no questions are saved for the consideration of the appellate court. Lindsay et al. v. Turner et al., 156 U.S. 208, 15 S.Ct. 355, 39 L.Ed. 399; Skaggs

it is never expected to ignore good, common sense as applied both to the law and the facts, and you are not expected to forget your own experiences in similar situations. * * *

"Now Mr. Young testified that when he first saw the defendant approaching him from the north that he was traveling at from seventy-five to eighty miles an hour. * * * that it was approximately 1500 feet from where he first saw the man to the point of the accident. He further testified after seeing this man he attempted to get back into the main line of traffic, and when he found he could not that he drove off on the side of the shoulder eight or ten feet from the concrete pavement and stopped his car. Gentlemen, a car being driven at the rate of 75 miles an hour travels a mile and a quarter a minute. That is 110 feet a second, and it would have required under this state of facts for the Kennedy car to come from where it was first seen, if it was traveling at seventy-five miles an hour, to the point of the accident, slightly more than thirteen seconds. That is less than one-fourth of a minute. Now during this time Mr. Young testified that he tried to get back into the line of traffic, and when he found he could not, he drove off of the highway. He further testifies that he saw Kennedy go off of the highway on the shoulder before he went off. What would be the motive of Mr. Young in driving off on the shoulder? Naturally, he would see the man ahead of him on the highway. There was no room for Kennedy on the highway—that is, on the paved highway. He had to go to the shoulder. Where would he expect Kennedy to be? Why would Young drive off on the shoulder and stop? These are matters for you to determine.

"The next question is as to the rate of speed these people were traveling. I merely refer to this because counsel put it in, and then neither one of them said anything about it in the argument. It is admitted it is 163 miles from Enid to the point of the accident. Assuming it was two o'clock when the accident occurred, that would be four hours to drive from Enid to the point of the accident. That would mean the defendant was driving at the rate of 40.75 miles per hour, not taking out any time for stops for gasoline. The distance from Ft. Worth to the point of the accident is 144 miles. If the

car in which the plaintiff was riding made that distance in four hours, they would have had to have driven 36 miles per hour. The testimony is they stopped for lunch and gasoline once, and Mr. Young, in his deposition, testified they stopped for perhaps an hour all told. That would reduce it to three hours, which would mean they averaged 48 miles per hour. These are merely the facts which you can figure out for yourselves.

"Counsel tells you he does not believe any of the testimony of Mr. Condriff. It is immaterial whether counsel believes it or not. It is not a matter for the attorneys to believe or disbelieve a witness. It is for you to determine whether the testimony of the witnesses are worthy of belief. The court has not observed anything in the testimony of Mr. Condriff, anything about his conduct or anything in the record in this case which would cause you to say, 'I refuse to believe him.' Counsel says he does not believe it because it is impossible. The court might say to you that it is an entirely reasonable statement, but you heard that testimony, and it is for you to determine whether or not you will believe Condriff's testimony. It is not enough to say merely because testimony is conflicting with the interest of a case that it ought not to be believed. You are the ones to pass upon this testimony and determine whether it is worthy of belief. Comment was made on the fact that his expenses were paid here. You are instructed that this defendant had a right to defend himself when this suit was brought, and he had a perfect right to bring witnesses from California or elsewhere and pay their expenses, and pay the witnesses for their time, if they were material witnesses in this case, and you will disregard any comment on that point.

"Now referring to Mr. Condriff's testimony. Is it reasonable? He says he has no interest in this case. He was driving along in his car with this young lady. It was two o'clock in the afternoon. I don't know what they were talking about at that time of day. The court perhaps would have as good an idea as counsel, but I haven't the slightest idea. He says the first thing that attracted his attention was the car approaching from the north, the Kennedy car. What would an ordinarily prudent person have done; What would you have

474

v. Gypsy Oil Co., supra; Memphis & Charleston R. R. Co. v. Reeves, 77 U.S. 176, 10 Wall. 176, 19 L.Ed. 909.

 Errors as a rule to be reviewable on appeal must be definitely and timely called to the attention of the trial court in order to afford a fair opportunity for it to pass upon the matter to correct its own errors, if any. Counsel is required at the proper time to call the attention of the court to the claimed error with sufficient certainty and definiteness that it may understand clearly the precise action of the court which is attacked, or sought to have reviewed. Feinberg v. United States, 8 Cir., 2 F.2d 955; Arkansas Bridge Co. v. Kelly-Atkinson Const. Co., 8 Cir., 282 F. 802.

The exception to the instruction that it would not constitute negligence for defendant to proceed along the shoulder of the road, if under the circumstances he had the right to believe that the Young car would immediately follow the car in its front, is not clear. However, if it was challenged by specific exception it was not prejudicial error. It dealt with particular circumstances, not excluding a finding of negligence by the jury if defendant was traveling at an excessive speed. Nor is the challenge to the instruction as to proximate cause supported by a specific exception, but same appears to be without merit.

The jury were justified in finding under the record that defendant in pulling out on the shoulder to avoid the car in front of the Young car, on account of the road being blocked, unavoidably collided with the Young car.

It appears from the evidence that the verdict of the jury was proper. As a rule a judgment should not be set aside on technical grounds. When instructions are construed together as a whole, in the light of all the evidence, the law of the case being fairly presented, under Act of February 26, 1919, amending Judicial Code, Section 269, 28 U.S.C.A. § 391, requiring the Court of Appeals to look to the entire record, including pleadings, evidence, instructions and all other matters properly of record, and render judgment without regard to technical errors, the former practice of holding an error reversible unless the opposite party can affirmatively demonstrate it was harmless being changed, the burden now is on the complaining party to show from the record as a whole the denial of some substantial right. The plaintiff has not met such requirement.

The judgment of the lower court is affirmed.

---

done? The minute Kennedy left the highway Condriff did what any sensible man would have done in the judgment of this court. He looked and he saw right behind him one car and immediately behind it another, so he says. Here was a car coming from the north. The highway was blocked clear across. He said 'I drove off on the shoulder and looked back, and I saw the accident, and I saw Young's car leave the highway', and immediately after leaving the highway the other car struck him. Is that a reasonable statement? Would it have been a reasonable thing for a prudent man to have driven off on the wrong side of the highway and clear his car? What would be the motive? I don't know. * * *

"This is the evidence in this case. You are to pass upon it. The court has called your attention to these various details, because in the judgment of the court this testimony is conflicting, and it is necessary for you to either harmonize it, or to determine which of these witnesses you will believe.

"You are the sole and exclusive judges of the facts in this case. You have seen the witnesses upon the stand. You have been told the interest that each of the witnesses may have in this case, or those that have no interest, and you may take that into consideration in determining the weight and credibility you will give to the testimony of any witness."