## MYRA ALLEN *vs.* WILLIAM H. HALL FREE LIBRARY.

### JUNE 3, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence. Defendant demurred to the plaintiff's declaration and its demurrer was sustained. Plaintiff thereupon

filed an amended declaration to which the defendant demurred. This demurrer was also sustained. Plaintiff is here on her exception to this ruling.

The grounds on which the demurrer was sustained by the justice of the superior court were, substantially, that the plaintiff's declaration fails to aver any duty owing by defendant to the plaintiff, any negligent breach of such duty, any acts of omission or commission by the defendant amounting in law to negligence, and finally it fails to set out a cause of action against the defendant.

Plaintiff alleges in her declaration, among other things, that the defendant is the owner of an old building; that plaintiff is an employee of a tenant of the defendant who occupies the ground floor of said building; that said building contains a system of lead water piping; that defendant, by reason of the passage of time, knew, or had reason to know, that said pipes would become in a state of disrepair and cause water to leak into the premises occupied by the plaintiff's employer; that the sole and exclusive control of the general water piping, which extended throughout the building and which was not a part of the premises demised to her employer, was in the defendant; that it was the duty of the defendant not to negligently allow said piping to become in a state of disrepair so that water would escape into the premises of the plaintiff's employer and make the floor dangerous and slippery to walk upon; that the defendant neglected such duty; that by reason thereof said piping became in a state of disrepair and caused water to flow on to the floor of the premises of plaintiff's employer, where plaintiff was then working, and that the plaintiff, while in the exercise of due care, slipped on such wet floor and was severely injured.

It is a general rule of law that: "A possessor of land, who leases a part thereof and retains in his own control any other part which is necessary to the safe use of the leased part, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee

for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care (a) could have discovered the condition and the risk involved therein, and (b) could have made the condition safe." Restatement of the Law, Torts, § 361. See also 32 Am. Juris., Landlord & Tenant, § 746, p. 624.

Plaintiff contends that her declaration states a cause of action based upon this general principle of law. In support of her contention she has cited several cases from foreign jurisdictions, but in none of them did the court pass on the sufficiency of the declaration. And it seems to us that in none has the above-quoted doctrine been extended to impose liability on a landlord in a situation such as is declared on by the plaintiff here. The general principle of law as enunciated in the Restatement may be accepted. The difficulty comes in determining the limits of its application and in applying it to the confusing allegations of this declaration. Certainly the law stops short of making the landlord an insurer; and it makes him liable for his negligence only if such negligence was the proximate cause of the injury sustained by the plaintiff.

The declaration as a whole is so vague and indefinite that it is difficult to understand precisely upon what principle the plaintiff relies to hold the defendant liable. For that reason alone, the declaration is demurrable.

However, if the singular manner in which the plaintiff has attempted to set forth the defendant's alleged duty and breach thereof and the proximate cause of her injury can be interpreted as a reliance upon any duty and breach, we think it must be upon a breach of an alleged duty to prevent the floor of the demised premises from becoming and remaining dangerous and slippery, whereby she fell and was injured. But this goes considerably beyond the scope of the principle, even as it is broadly set out and illustrated in the Restatement, § 361.

Nor do the cases cited by the plaintiff furnish any support for such an extension of the principle. Most of them are cases where the very thing that directly caused the injury complained of was under the exclusive control of the defendant or are based on the doctrine of *res ipsa loquitur*. See *Wardman* v. *Hanlon,* 280 F. 988; *LeVette* v. *Hardman Est.,* 77 Wash. 320; *Williams* v. *Hagans,* 56 Ariz. 83; *Ideal Furniture Co.* v. *Mazer,* 234 Ky. 665; *Burke* v. *Zatoonian,* 309 Mass. 541; *Poor* v. *Sears,* 154 Mass. 539; *Pearce* v. *Sloss-Sheffield Steel & Iron Co.,* 211 Ala. 639.

We are of the opinion that the defendant is not charged in law with any such duty and, therefore, the plaintiff's declaration does not state a cause of action.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Samson Nathanson, William A. Gunning,* for plaintiff.

*William S. Flynn, Christopher J. Brennan,* for defendant.