122 A.2d 138 (1956)
Walter M. LAWTON
v.
Philip M. VADENAIS et ux.
Ex. No. 9280.
Supreme Court of Rhode Island.
April 10 as of January 17, 1956.
*139 James A. McGuirk, Frank L. Martin, Providence, for plaintiff.
William B. Sweeney, Walter J. Hennessey, Providence, for defendants.
FLYNN, Chief Justice.
This action of trespass on the case for negligence was brought by a tenant against his landlords to recover damages for personal injuries sustained from a fall allegedly caused by a defective passageway in the yard outside the demised premises. It was tried before a justice of the superior court, a jury trial being waived, and resulted in a decision for the defendants. The case is here on the plaintiff's exception to that decision.
*140 It appears that some three to four years prior to the accident plaintiff had rented a tenement in a two-family dwelling owned by defendants; that along the outside of the house there was a concrete apron or passageway, adjoining a driveway, which was used in common by plaintiff and other tenants to reach the back door of the house; and that at and from the time of renting to the day of the accident such common passageway was in a broken, unsafe and potentially dangerous condition, especially the portion near the street entrance. It also appears that both plaintiff and defendants knew and appreciated this danger during the entire tenancy; that it was not the only means of ingress from the street to the demised premises; and that the condition complained of was clearly visible at night because of a near-by electric light on the street.
On February 20, 1948 at 11 p.m. plaintiff took his dog out for a walk. The dog was held by a leash. In returning from the street sidewalk defendant proceeded to use the common passageway, which he knew to be in a broken and dangerous condition. He testified that while walking thereon he kept looking at the ground but his foot slipped or caught in some rut, debris or rubble, throwing him off balance and against a large piece of broken concrete and cement so as to break his leg.
The hospital record, which plaintiff introduced in evidence, contains a history of the case, apparently obtained by a nurse from plaintiff or his wife in his presence. This statement as read by the nurse was: "Patient slipped on ice a few minutes ago. Sustained injury to right lower leg." A United States weather bureau report for the month of February, together with other evidence, showed there was considerable thawing during the day and freezing temperatures during the night of the accident. In addition there was testimony from plaintiff's doctor that plaintiff told him the accident would not have happened except for the dog, and further testimony that plaintiff admitted to the defendant husband he had slipped on the ice. But in his declaration and testimony plaintiff alleged that his fall was caused by debris and broken concrete or rubble, and that there was no ice.
The trial justice found on the evidence that defendants had "negligently and knowingly caused and permitted said passage-way to become and be in an unsafe and dangerous condition as a consequence whereof  in the circumstances then and there existing  as the plaintiff walked along said passage-way, he lost his footing or balance and fell to the ground * * *." However, he then went on to discuss certain parts of the evidence which showed that both parties knew of the existing, unsafe and dangerous condition at the time of renting and on the day of the accident, and that this condition may have been rendered more hazardous by the condition of freezing nightly temperatures following a thaw. From these and other factors he then found that plaintiff at the time he fell was not exercising the degree of care ordinarily to be expected of one who was confronted with a known and obvious unsafe condition and who was reasonably careful for his own safety in the circumstances.
The plaintiff first contends that the trial justice misconceived the evidence relating to the ground conditions as shown by the United States weather bureau report. In that connection it appears that the original decision contained a reference to the weather report as of February 28, 1948, which showed considerable precipitation of snow. When the court's attention was called to the fact that the date of the accident was February 20, the trial justice filed a supplemental decision to correct the obvious error. However, on the basis of the weather report of February 20 and the other evidence concerning conditions on that night, he adhered to all his original conclusions. We have examined the transcript, weather report, and the other pertinent evidence, and we cannot say that plaintiff was prejudiced by this correction. The ultimate decision was not rested entirely on conditions of weather and ice as they may have then existed. Moreover the weather *141 report of February 20 and the other evidence would support an inference that some freezing of moisture was a circumstance added to the basic danger which might be considered in deciding whether plaintiff was in the exercise of reasonable care.
The plaintiff secondly contends that the trial justice misapplied to the evidence here the law as stated in Zielinski v. Riley, 61 R.I. 14, 199 A. 693, namely, that it avails a plaintiff nothing to say that he looked and saw nothing at a point where, if he had looked, he must have seen what was there. It is argued that the danger in that case was caused by a constantly moving vehicle or vehicles, whereas here the alleged danger was a "static condition," and also that the plaintiff in that case claimed he looked and saw nothing, whereas here plaintiff testified he was looking. In our judgment the underlying principle of law to be applied is the same whether the condition of danger results from a moving vehicle or from an unsafe static condition provided the danger is obvious. In this connection plaintiff did not admit seeing the particular obvious defect on that occasion. However, he testified generally that while walking he was looking at the ground, where this defect was located. Inferentially, therefore, he was not essentially different from the plaintiff in Zielinski v. Riley, supra, where he claimed he had looked but did not see the danger which was obvious if he had looked.
The plaintiff finally contends that the court erroneously rested the decision on the doctrine of the assumption of the risk. We do not agree with such interpretation of the decision. It is generally established that in the absence of a contrary agreement, or of fraud or concealment by a landlord, a tenant takes the demised premises in the condition he finds them and subject to their obvious and defective condition of repair. Whitehead v. Comstock & Co., 25 R.I. 423, 56 A. 446; Henson v. Beckwith, 20 R.I. 165, 168, 37 A. 702, 38 L.R.A. 716. See Gorski v. Consolidated Rendering Co., 41 R.I. 339, 103 A. 907. See also Anno., 25 A.L.R. 1273 et seq. However, an equally established rule is that where a landlord reserves control of a passageway outside the demised premises for the common use of all tenants and invitees, he has the duty of maintaining such common passageway in a reasonably safe condition consistent with the prospective use thereof. Allen v. William H. Hall Free Library, 68 R.I. 80, 26 A.2d 751. Annotation, 25 A.L.R. 1273 et seq.
In considering plaintiff's due care, this court has held: "Ordinary care is such care as a person of ordinary prudence exercises under the circumstances of the danger to be apprehended. The greater the danger the higher the degree of care required to constitute ordinary care, the absence of which is negligence. It is a question of degree only. The kind of care is precisely the same." Leonard v. Bartle, 48 R.I. 101, 104, 135 A. 853, 854.
The trial justice applied these rules of law to the evidence and found in effect that the defendants had retained control of the common passageway where the accident happened, which was outside the demised premises; that they were negligent in allowing it to become in an unsafe and dangerous condition; and that, in the circumstances existing at the time and place of the accident, the plaintiff, who also knew of the obvious danger from the beginning of his tenancy, was in fact guilty of contributory negligence in not exercising due care for his own safety.
It is true that at the end of the decision the trial justice stated: "In such circumstances he is considered to have assumed the obvious risk and to be guilty of contributory negligence." However, if this language is considered in the light of the discussion of evidence and the findings of fact which precede such statement, it is clear that he already had determined the case in accordance with the law of negligence. The reference to the assumed risk was merely a factual consequence of his previous findings and not a conclusive substitute therefor as a matter of law.
*142 In our opinion the decision was not based, as plaintiff contends, on the doctrine of assumed risk or on his contributory negligence as a matter of law. On the contrary it rested on a finding that in the circumstances the plaintiff as a matter of fact was not in the exercise of due care for his own safety.
The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.
CAPOTOSTO and BAKER, JJ., not participating.